BRIDGFORD, GLEASON & ARTINIAN
Richard K. Bridgford (CA SBN 119554)
Richard.Bridgford@Bridgfordlaw.com
Michael H. Artinian (CA SBN 203443)
Mike.Artinian@Bridgfordlaw.com
26 Corporate Plaza, Suite 250
Newport Beach, CA 92660
Telephone:  (949) 831-6611
Facsimile:  (949) 831-6622

COOLEY LLP
William V. O'Connor (CA SBN 216650)
woconnor@cooley.com
4401 Eastgate Mall
San Diego, CA  92121-1909
Telephone:  (858) 550-6000
Facsimile:  (858) 550-6420

COOLEY LLP
J. Parker Erkmann (*Pro hac vice* to be filed)
perkmann@cooley.com
1299 Pennsylvania Avenue, NW, Ste 700
Washington, DC 20004-2400
Telephone:  (202) 776-2036
Facsimile:  (202) 842-7899

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| DELUX PUBLIC CHARTER, LLC d/b/a JSX AIR and JETSUITEX, INC., <br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ORANGE, CALIFORNIA, a municipality; BARRY RONDINELLA, Airport Director of John Wayne Airport,<br><br>Defendants. | Case No. 8:20-CV-2344-JLS-KES<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' DECLARATION OF LAUREN KRAMER [DKT. 14]**<br><br>Judge: Honorable Josephine L. Staton |

Pursuant to this Court's Order (Dkt. 16), Plaintiffs Delux Public Charter, LLC d/b/a JSX Air and JetSuiteX, Inc. ("Plaintiffs") submit this short response to Defendants' unauthorized Declaration of Lauren Kramer (Dkt. 14).

Ms. Kramer's Declaration attaches an email sent by William Borgsmiller. (Dkt. 14-1.) Defendants suggest that Mr. Borgsmiller's email creates an inconsistency or otherwise disputes the statements contained in Mr. Borgsmiller's declarations. Not so. Each of Mr. Borgsmiller declarations—those submitted on behalf of Plaintiffs and Defendants—are entirely consistent. Importantly, the Declarations (and email) all support two uncontroverted points:

1. ACI Jet is willing and able to continue to service Plaintiffs and Plaintiffs' customers through at least the end of 2022; and
2. ACI Jet was forced by the County and Mr. Rondinella to agree to exclude Plaintiffs as a condition to be awarded a lucrative 35-year lease during a competitive bid process where the County exerted complete control.

Defendants' position set forth in their Opposition—that ACI Jet's "business decision" was the only reason the Restriction was included in the Leases—is belied by these facts. Notably, these facts are not disputed or even called into question in any of the declarations or other exhibits presented by Defendants.

But to the extent any ambiguity exists, Plaintiffs provide this Court with a newly obtained video recording of an ACI Jet periodic owner's meeting during which Mr. Borgsmiller states, unequivocally, that the *only* reason Plaintiffs are being excluded from ACI Jet is because it was *required* to do so by the County. This video was produced to Plaintiffs on Saturday, December 19, 2020 (*i.e.*, after Plaintiffs' reply was filed), in response to a subpoena issued to ACI Jet's minority owner, Joe Daichendt. (Declaration of William V. O'Connor, ¶ 2.) In the video, Mr. Borgsmiller clearly announced at the very outset of the recording that the meeting was being recorded (which is typical for ACI Jet's online business meetings in the era of

COVID).  (O'Connor Decl., ¶ 3.)  In this video, both uncontroverted points set forth above are clearly stated by Mr. Borgsmiller, which should (again) demonstrate that Defendants' desire to manufacture a factual dispute is both misleading and factually inaccurate:

- 1. At timestamp **11:50 – 12:44**, Mr. Daichendt and Mr. Borgsmiller discuss why ACI Jet's amended Lease application no longer contained JSX.  The original and revised Lease application have been provided to this Court as Barry Rondinella's Exhibit C, page C-3.  In the Lease application, Mr. Borgsmiller amends the application from originally saying "yes" to now saying "no" in response to whether ACI Jet "plans" to work with JSX.  Mr. Borgsmiller states that "there was no way we were going to win if they [JSX] were in our proposal."  When pushed on that point, he says that he is "100%" sure that JSX had to be removed in order for ACI Jet's application to be considered by the County.  Mr. Daichendt then comments that ACI Jet is giving up approximately $1 million in profit annually and that he wants JSX to return, at which point Mr. Borgsmiller says "that would be wonderful" but at this time "I don't believe there was any way to politically get that over the goal post [JSX in the new lease] and get this lease done and approved this year, absolutely not."
- 2. At timestamp **31:55 – 33:15**, Mr. Borgsmiller again confirms that "if JSX was in our proposal we wouldn't even be having this conversation, we would be vacating our leasehold."  Again, according to Mr. Borgsmiller, "if JSX was in [ACI Jet's] proposal, we're out."  Mr. Borgsmiller also makes clear that there is a "very healthy record of me pushing back on [the County regarding ACI Jet's ability to partner with] JSX and at least buy [JSX] a couple years to phase out or get on better political grounds."

(O'Connor Decl., ¶¶ 4, 5.)

As this video demonstrates, ACI Jet's owners were unhappy to forego Plaintiffs' profit of approximately $1 million annually and demanded to know why this decision had been made. Mr. Borgsmiller responds that it was impossible for ACI Jet to win the lease *and* keep working with Plaintiffs. The County was demanding that ACI Jet eliminate Plaintiffs before they would award ACI Jet the Lease. In order to secure the 35-year lease, ACI Jet was forced, by Defendants, to stop providing services to Plaintiffs.

To the extent the record was unclear or muddied by Defendants' unauthorized Declaration, this video contains further admissions and again demonstrates that Defendants' Opposition is based on the false premise that (1) ACI Jet decided to unilaterally exclude JSX and (2) there is nothing the County can do about it. Defendants' position, in its entirety, is untrue (and also ignores that Defendants cannot make an end run around federal law through unlawful leasing policy and lease terms with airport tenants).

| | | |
|---|---|---|
| Dated: | December 21, 2020 | Respectfully submitted, |

By: /s/ William V. O'Connor
    William V. O'Connor

Attorneys for Plaintiffs Delux Public Charter, LLC d/b/a JSX Air and JetSuiteX, Inc.

BRIDGFORD, GLEASON & ARTINIAN
Richard K. Bridgford (CA SBN 119554)
Richard.Bridgford@Bridgfordlaw.com
Michael H. Artinian (CA SBN 203443)
Mike.Artinian@Bridgfordlaw.com
26 Corporate Plaza, Suite 250
Newport Beach, CA 92660
Telephone:   (949) 831-6611
Facsimile:    (949) 831-6622

COOLEY LLP
William V. O'Connor (CA SBN 216650)
woconnor@cooley.com
4401 Eastgate Mall
San Diego, CA  92121-1909
Telephone:  (858) 550-6000
Facsimile:   (858) 550-6420

COOLEY LLP
J. Parker Erkmann (*Pro hac vice* to be filed)
perkmann@cooley.com
1299 Pennsylvania Avenue, NW, Ste. 700
Washington, DC 20004-2400
Telephone:   (202) 776-2036
Facsimile:    (202) 842-7899

*Attorneys for Plaintiffs*