LEON J. PAGE, COUNTY COUNSEL
NICOLE M. WALSH, SENIOR ASSISTANT (CA SBN 248222)
nicole.walsh@coco.ocgov.com
CAROLYN M. KHOUZAM, DEPUTY (CA SBN 272166)
carolyn.khouzam@coco.ocgov.com
333 West Santa Ana Boulevard, Suite 407
Post Office Box 1379
Santa Ana, California 92702-1379
Telephone: (714) 834-3300
Facsimile: (714) 834-2359

Attorneys for Defendants BARRY RONDINELLA,
in his official capacity as Airport Director of
John Wayne Airport; and COUNTY OF ORANGE, CALIFORNIA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| DELUX PUBLIC CHARTER, LLC D/B/A JSX AIR and JETSUITEX, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ORANGE, CALIFORNIA, a charter county; BARRY RONDINELLA, in his official capacity as Airport Director of John Wayne Airport,<br><br>Defendants. | Case No. 8:20-cv-02344-JLS-KES<br><br>Assigned to the<br>Honorable Josephine L. Staton<br><br>Magistrate Judge<br>Honorable Karen E. Scott<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' [PROPOSED] TEMPORARY RESTRAINING ORDER [22, 22-1]** |

Per L. R. 52-7, Defendants COUNTY OF ORANGE, CALIFORNIA and BARRY RONDINELLA (collectively, "County"), hereby object to the [Proposed] Temporary Restraining Order ("TRO") submitted and lodged with the Court by Plaintiffs on December 29, 2020. [ECF 22, 22-1].  First and foremost, the Court specifically asked Plaintiffs' counsel to not "embellish the scope of the restraining order in any way." Reporter's Transcript of Hearing, December 23, 2020 "Tr." p. 88: 11-12.  Unfortunately, it appears that Plaintiffs have prepared a [Proposed] TRO which goes beyond the Court's

-1-

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1  findings in specific areas.  Those areas are discussed below.  Because the County does
2  not believe that Plaintiffs' [Proposed] TRO is consistent with the Court's ruling, the
3  County respectfully requests that the Court consider the alternative [Proposed] TRO
4  (redlined) submitted herewith as **Exhibit A**.

5  The County hereby submits the following objections to Plaintiffs' [Proposed] TRO
6  [ECF 22-1]:

7  **1)** **Page 2, line 2, and Page 5, line 17:**

8  The County objects and requests that the word "partially" be added so that the
9  order reads "partially GRANTED" in these two locations.  Plaintiffs' original [Proposed]
10  Order Granting Ex Parte Application for Temporary Restraining Order [ECF 6-18],
11  which was filed with its moving papers on December 14, 2020, sought *four* different
12  orders.  *Id.* at p. 3-4.  The Court only granted *one* of these and clearly stated: "In this
13  initial order, all I am going to do is prohibit the enforcement of that nonnegotiable lease
14  term that has been the subject of today."  Tr. p. 88: 4-6.

15  **2)** **Page 2, lines 10-16:**

16  The County objects and requests that the Court strike this entire paragraph as
17  indicated in **Exhibit A**.  This paragraph introduces language and rationale beyond the
18  scope of what was articulated in the Court's ruling and findings.  A review of the
19  Transcript reveals that the Court thought that the parties agreed on the County's
20  obligations under FAA Grant Assurances which were not at issue in Plaintiff's
21  Application for a TRO [ECF 6].  However, the Court did not make an actual finding on
22  this point.  Tr. p. 88: 20-23.  Although the parties may agree on the County's obligations,
23  the parties also agree that the Court does not have jurisdiction over FAA Grant Assurance
24  claims, and likelihood of success on the merits must be limited to the causes of action
25  that were actually pled in Plaintiffs' Complaint, not general allegations that Plaintiffs
26  admit (and the County agrees) must be brought before the FAA.

27  In their Complaint for Declaratory and Injunctive Relief [ECF 1], Plaintiffs allege
28  that the FAA's Grant Assurances require the County to provide access to all aviation

-2-

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1  users in a "reasonable and nondiscriminatory" manner. *Id.* at p. 14: 16-19. Plaintiffs also

2  explicitly acknowledge that: "JSX is required to pursue an administrative remedy for

3  violation of the Grant Assurances through a "Part 16" Complaint process filed with the

4  FAA. *See* 14 C.F.R. § 16.1 *et seq.* However, the FAA does not have jurisdiction to

5  resolve the claims raised in this Complaint and thus parallel proceedings are required."

6  Complaint: ECF 1 at p. 14, footnote 7. The County agrees with these statements. While

7  the County acknowledged its obligations pursuant to the FAA Grant Assurances in its

8  opposition papers, it also pointed out that JSX chose to file this lawsuit on alternative

9  grounds. County's Opposition: ECF 12 at p. 16: 6-10. Plaintiffs cannot have it both

10  ways in this lawsuit.

11  Plaintiffs allege three causes of action in their Complaint: 1) the restriction is

12  preempted by the Airport Noise and Capacity Act ("ANCA"); 2) the restriction is

13  preempted by the Airline Deregulation Act ("ADA"); and 3) the restriction is

14  discriminatory under the Equal Protection Clause of the Fourteenth Amendment to the

15  U.S. Constitution. *Id.*: ECF 1: p. 35-40. They make no mention of a cause of action

16  alleging a violation of the FAA's Grant Assurances, because they cannot do so. In fact,

17  in addition to the footnote cited above, they again allege in their *Ex Parte* Application

18  that the County is violating its Grant Assurance obligations, but that "JSX will pursue

19  these arguments in proceedings before the FAA." *Id.*: ECF 6-1 at p. 20, footnote 10.

20  "Reasonable" and "nondiscriminatory" are terms that Plaintiffs use throughout

21  their papers, but it is important not to conflate these terms with FAA Grant Assurance

22  terminology. FAA Grant Assurance no. 22 specifically provides that an airport sponsor

23  (here, the County) must "make the airport available as an airport for public use on

24  reasonable terms and without unjust discrimination to all types, kinds and classes of

25  aeronautical activities offering services to the public at the airport."

26  In finding any likelihood of success on the merits, the [Proposed] TRO should be

27  based on ANCA, the ADA, or equal protection, since these were the three causes of

28  action pled by Plaintiffs. Any mention of the FAA Grant Assurances in the [Proposed]

-3-

TRO is out of place since that is not before this Court and should be handled in "parallel proceedings" before the FAA which it does not appear Plaintiffs have initiated at this time.

Additionally, the [Proposed] TRO states that the Court finds Plaintiffs are likely to succeed in showing that "Defendants failed to comply with this federal obligation" when it inserted the lease term. *Id.*: ECF 22-1: p. 2:13-16. The transcript sections cited by Plaintiffs do not state this. It is unclear which "federal obligation" Plaintiffs are referring to. If it is a federal obligation created by one of the three causes of action they allege in their Complaint, the order should state so. However, because the Court did not make specific findings here, Plaintiffs should not embellish the Court's statements or guess as to what the Court meant. As cited above, it is undisputed that any "federal obligations" created by the FAA Grant Assurances are not before this Court by way of this proceeding and Plaintiffs have not exhausted their administrative remedies as to any alleged violation of FAA Grant Assurances. As such, it is improper and misleading to mention the term "federal obligation" in a way that morphs the Court's ruling from one based on ANCA, ADA, or equal protection into one that infers a violation of FAA Grant Assurances.

**3)** <u>**Page 2, lines 17-18:**</u>

The County objects and requests that the Court strike this sentence so that the language is consistent with the Court's findings.

**4)** <u>**Page 2, line 20:**</u>

The County objects and requests that the Court change the word "restrictive" to "lease" so that the language is consistent with the Court's order.

**5)** <u>**Page 2, lines 22-27:**</u>

The County objects and requests that the Court strike the specific language indicated in **Exhibit A** as the Court did not make these statements or findings and the transcript confirms this.

//

//

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' [PROPOSED] TEMPORARY RESTRAINING ORDER

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**6)      Page 3, lines 4-6:**

The County objects and requests that the Court strike the specific phrase indicated in **Exhibit A** as the Court did not make these statements or findings and the transcript confirms this.  These phrases appear to be embellishments of Plaintiffs' counsel.  The language should be stricken so that the order is consistent with the Court's ruling.

**7)      Page 4, lines 1-13:**

The County objects and requests that the Court revise these sentences as indicated on **Exhibit A** so that they are consistent with the Court's intent and ruling.

**8)      Page 4, lines 14-26:**

The County objects and requests that the Court strike the specific language indicated in **Exhibit A** as the Court did not make these statements or findings as part of its ruling.  The Court's ruling begins, approximately, on page 88 of the transcript. Therefore, while statements made by the Court prior to her ruling may have informed the Court's decision, they were not explicitly mentioned as part of the findings to be included in this order. As such, these phrases must be stricken or replaced with the Court's own findings upon review of the [Proposed] TRO.  The statements that Plaintiffs cite in their [Proposed] TRO were comments made by the Court during Defendants' counsel's oral argument.

**9)      Page 5, lines 2-5:**

The County objects and requests that the Court strike the specific language indicated in **Exhibit A** so that the [Proposed] TRO is consistent with the Court's intent and ruling.

**10)     Page 5, line 6:**

The County objects and requests that the Court strike the word "instructed" and replace it with the word "asked" so that it is consistent with the Court's intent.  The transcript indicates that the Court used the phrase "suggest very strongly" and didn't "want to dictate" what the parties did.  Tr. p. 94:8-12.

//

-5-

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

**11)** <u>Page 5, lines 12-13; line 17:</u>

The County objects and requests that the Court strike the language as indicated in **Exhibit A** so that the [Proposed] TRO is consistent with the Court's intent and ruling.

**12)** <u>Page 5, lines 19-20:</u>

The County objects and requests that the Court strike the language as indicated in **Exhibit A** so that the [Proposed] TRO is consistent with the Court's intent and ruling. While the Court mentioned that this was the "flavor" derived from the County's Opposition, the County objects on the basis that this is not a finding by the Court specific to the issuance of the TRO.  Tr. p. 91:11-14.

**13)** <u>Page 5, lines 24-25:</u>

The County objects and requests that the Court strike and revise the language as indicated in **Exhibit A** so that the [Proposed] TRO is consistent with the Court's intent and ruling.

Respectfully submitted,

LEON J. PAGE, COUNTY COUNSEL
NICOLE M. WALSH, SENIOR ASSISTANT
CAROLYN M. KHOUZAM, DEPUTY

DATED:  December 30, 2020        By: _____/S/_____
                                              Carolyn M. Khouzam, Deputy

Attorneys for Defendants
BARRY RONDINELLA, in his official capacity as
Airport Director of John Wayne Airport; and
COUNTY OF ORANGE, CALIFORNIA