# Exhibit A

1  BRIDGFORD, GLEASON & ARTINIAN
   Richard K. Bridgford (CA SBN 119554)
2  Richard.Bridgford@Bridgfordlaw.com
   Michael H. Artinian (CA SBN 203443)
3  Mike.Artinian@Bridgfordlaw.com
   26 Corporate Plaza, Suite 250
4  Newport Beach, CA 92660
   Telephone:  (949) 831-6611
5  Facsimile:  (949) 831-6622

6  COOLEY LLP
   William V. O'Connor (CA SBN 216650)
7  woconnor@cooley.com
   4401 Eastgate Mall
8  San Diego, CA  92121-1909
   Telephone:  (858) 550-6000
9  Facsimile:  (858) 550-6420

10 COOLEY LLP
   J. Parker Erkmann (*Pro hac vice* to be filed)
11 perkmann@cooley.com
   1299 Pennsylvania Avenue, NW, Ste 700
12 Washington, DC 20004-2400
   Telephone:  (202) 776-2036
13 Facsimile:  (202) 842-7899

14 Attorneys for Plaintiffs Delux Public Charter, LLC d/b/a
   JSX Air and JetSuiteX, Inc.
15

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| DELUX PUBLIC CHARTER LLC D/B/A JSX AIR AND JETSUITEX, INC., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF ORANGE, CALIFORNIA, a charter county; BARRY RONDINELLA in his official capacity as Airport Director of John Wayne Airport, <br><br> Defendants. | Case No. 8:20-cv-2344-JLS-KES <br><br> **[PROPOSED] TEMPORARY RESTRAINING ORDER** <br><br> Honorable Josephine L. Staton |

Upon consideration of Plaintiffs' Application for Temporary Restraining Order and the entire record herein, including the hearing held on December 23, 2020,

1  it is hereby ORDERED that Plaintiffs' Application for a Temporary Restraining
2  Order is partially GRANTED.
3        The Court carefully considered the standard applicable to temporary
4  restraining orders which is the same as required for a preliminary injunction. The
5  standard requires Plaintiffs to demonstrate: (1) a likelihood of success on the merits;
6  (2) irreparable harm; (3) that injunctive relief is in the public interest; and (4) that a
7  balance of the equities support injunctive relief. Here, the third and fourth factors
8  combine due to the County being a defendant.
9        1. <u>Likelihood of Success on the Merits.</u>
10 ~~The Parties have agreed that the County is required under federal law to make~~
11 ~~John Wayne Airport available for use by carriers, such as Delux Public Charter, LLC~~
12 ~~d/b/a JSX Air ("JSX"), on reasonable and nondiscriminatory terms. [Tr. 88:20-24]~~
13 ~~For the reasons stated below, the Court finds that Plaintiffs are likely to succeed in~~
14 ~~showing that Defendants failed to comply with this federal obligation when it~~
15 ~~inserted a "non-negotiable" lease term that effectively foreclosed JSX's access to~~
16 ~~John Wayne Airport. [Tr. 88:24-89:4]~~
17     a. ~~Based on the facts presented to the Court in both the Parties' submissions~~
18       ~~and during the Hearing,~~ ~~T~~the Court finds that it was, ultimately, the
19       County's decision, not Aviation Consultants, Inc.'s ("ACI Jet"), to include
20       the ~~restrictive~~ lease term in the 35-year fixed base operator ("FBO") lease
21       between ACI Jet and the County. [Tr. 88:24-89:2]
22     b. The Court finds that ~~T~~the effect of ~~this County imposed~~ the restriction is to
23       foreclose JSX's access to John Wayne Airport because the routes that it
24       flies today include airports that do not have a Security Identification
25       Display Area ("SIDA") site. [Tr. 89:5-6] ~~The restriction improperly~~
26       ~~regulates the services JSX offers at John Wayne Airport and the routes JSX~~
27       ~~serves at John Wayne Airport. [*See id.*]~~
28

    c. The Court further finds that Defendants have not proffered a valid nondiscriminatory reason for the decision to exclude JSX from continuing its operations at John Wayne Airport. [Tr. 89:7-9]

    d. ~~Defendants have argued that ACI Jet made a "business decision" to exclude JSX. Setting aside whether such a "business decision" would be sufficient basis for excluding JSX at John Wayne Airport, t~~The Court makes a further finding that ACI Jet's "business decision" to exclude JSX was made because it believed that it would lose the bid process for a 35-year FBO lease if it indicated that it wanted to serve Plaintiffs. [Tr. 89:21-25]

    e. At the hearing, ACI Jet's President, William Borgsmiller, was called to testify. The Court watched his demeanor while testifying, considered his responses, listened for how his testimony was coming across, reviewed all three of his declarations, and reviewed the video clip in which he explained to his own colleagues why he was doing what he was doing during the bid process with the County when ACI Jet was trying to win the lease at John Wayne Airport. [Tr. 89:12-20] The Court finds, based on all of the foregoing, that Mr. Borgsmiller believed that ACI Jet would not be awarded the lease by the County if he indicated that he planned to serve JSX in 2021 or beyond. [Tr. 89:21-23] This led Mr. Borgsmiller to change his answer to Question 3 in the lease application. [Tr. 89:23-25]

    f. The Court finds that Mr. Borgsmiller was hesitant and nervous in answering any of the Plaintiffs' questions (*e.g.*, there were long pauses before very simple answers and he chose his words carefully in order to avoid problems with the County and to narrow his answers from what he had previously said). [Tr. 89:25-90:7]

    g. The Court finds credible Mr. Borgsmiller's statements made during the ACI Jet board meeting that "there is no way we [ACI Jet] were going to win if they [JSX] was in the proposal." "Winning" means getting approval

1  by the County. [Tr. 90:8-12] <span style="color:green">There is no other interpretation one could give that language. [Tr. 90:13-14]</span> <span style="color:red">Mr. Borgsmiller never said "We couldn't host JSX because of the EIR." He never said "It was not our economic benefit to host JSX." [Tr. 90:14-16]</span>

    h. The Court finds that Mr. Borgsmiller states, essentially, that <span style="color:red">he knew they were going to</span> <s>he had to choose to</s> lose money <span style="color:red">by not hosting [JSX], but it was a nonstarter. The County would not give them the lease if JSX was included. [Tr. 90:17-21]</span> <s>and exclude JSX in order to win the lease from the County. There is no other interpretation one could give that language. [Tr. 90:13-14]</s> <s>Any other explanation for ACI Jet's decision to change the answer to Question 3 is not supported by the record (*e.g.*, there is no basis to conclude that ACI Jet changed the answer because of an Environmental Impact Review or for separate economic reasons). [Tr. 89:24-90:16]</s>

    2. <u>Irreparable Harm</u>

Based on the entire record, the Court finds that Plaintiffs will suffer irreparable harm if <span style="color:red">enforcement of</span> the County's <s>mandatory</s> lease term (found in Section 5.01 of the ACI Jet FBO lease) prohibiting JSX's operations at the ACI Jet FBO is not enjoined.

    <s>a. If the lease restriction is not enjoined, the Court finds that Plaintiffs will not be able to access to John Wayne Airport at all, let alone on reasonable and nondiscriminatory terms. [Tr. 83:7-9; 88:22-89:9]</s>

    <s>b. The Court finds that JSX's exclusion would have a severe impact on Plaintiffs' business, including negatively affecting its goodwill and business relationships. [*See* Tr. 83:7-17]</s>

    <s>c. JSX's stopping the selling of tickets is not a mitigation of that harm. [Tr. 83:10]</s>

    <s>d.</s><span style="color:red">a.</span> The Court further finds that it does not currently have sufficient information to know whether Martin Aviation is a viable alternative for

1         JSX.  Testimony demonstrated that Martin Aviation is not subject to the new, mandatory lease restriction.  ~~But it is unknown whether a different term in Martin Aviation's lease or the nature of it being a "limited service FBO" would foreclose it from being an alternative at John Wayne Airport.~~ [Tr. 93:22-94:7~~20~~]

    ~~c.~~b.  The Parties are ~~instructed~~ asked to investigate and have more information about Martin Aviation at the time of the preliminary injunction hearing to determine whether Martin Aviation alters the equation on irreparable harm. Tr. [94:20-23]

   3. Public Interest and Balance of the Equities

These factors combine because the County is a defendant.

    a.  ~~Because th~~The Court finds that the restriction likely violates federal law~~., Plaintiffs have satisfied this factor.~~  [Tr. 91:2-3]

    b.  Granting a temporary restraining order maintains the status quo and allows JSX to operate at John Wayne Airport as it has done, without incident, for the past two years.  [Tr. 91:3-6]

    c.  The Court finds that ~~It is undisputed that~~ JSX has had no safety incidents or safety concerns. [Tr. 91:7-10]

    ~~d.  In its papers, the County indicated that it has no objection to JSX operating at John Wayne Airport. [Tr. 91:11-24]~~

   4. Temporary Restraining Order

For these reasons and for good cause shown, the Court partially GRANTS Plaintiffs a temporary restraining order as follows:

Defendants are temporarily enjoined and prohibited from enforcing the ~~non-negotiable~~ lease restriction in the ACI Jet FBO lease effective January 1, 2021, specifically:  "LESSEE shall not permit the operation of a Regularly Scheduled Commercial User as defined in section 2.40 of John Wayne Airport's Phase 2 Commercial Airline Access Plan and Regulation, as may be amended from time to time."  Defendants shall promptly take such further actions to ensure their employees, agents,

and all other concerned be provided with a copy of this Order and informed that the aforementioned FBO lease provision shall not be enforced with respect to ACI Jet.

5. <u>Preliminary Injunction Hearing</u>

The Court orders a preliminary injunction hearing to occur on _____, 2021.

Plaintiffs' Opening Brief shall be due on _____, 2021.

Defendants' Opposition shall be due on _____, 2021.

Plaintiffs' Reply shall be due on _____, 2021.

All discovery related to this hearing can be coordinated with Magistrate Judge Karen Scott.

Date: _____          _____
                                     Honorable Josephine L. Staton
                                     United States District Judge