BRIDGFORD, GLEASON & ARTINIAN
Richard K. Bridgford (CA SBN 119554)
Richard.Bridgford@Bridgfordlaw.com
Michael H. Artinian (CA SBN 203443)
Mike.Artinian@Bridgfordlaw.com
26 Corporate Plaza, Suite 250
Newport Beach, CA 92660
Telephone:   (949) 831-6611
Facsimile:   (949) 831-6622

COOLEY LLP
William V. O'Connor (CA SBN 216650)
woconnor@cooley.com
4401 Eastgate Mall
San Diego, CA  92121-1909
Telephone:  (858) 550-6000
Facsimile:  (858) 550-6420

COOLEY LLP
J. Parker Erkmann (*Pro hac vice* to be filed)
perkmann@cooley.com
1299 Pennsylvania Avenue, NW, Ste 700
Washington, DC 20004-2400
Telephone:   (202) 776-2036
Facsimile:   (202) 842-7899

*Attorneys for Plaintiffs Delux Public Charter, LLC d/b/a JSX Air and JetSuiteX, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| DELUX PUBLIC CHARTER, LLC D/B/A JSX AIR AND JETSUITEX, INC., <br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ORANGE, CALIFORNIA, a charter county; BARRY RONDINELLA in his official capacity as Airport Director of John Wayne Airport,<br><br>Defendants. | Case No. 8:20-CV-2344-JLS (KES)<br><br>**PLAINTIFFS' REQUEST FOR LEAVE TO RESPOND TO DEFENDANTS' OBJECTIONS TO PLAINTIFFS' [PROPOSED] TEMPORARY RESTRAINING ORDER AND [PROPOSED] RESPONSE [DKT. 23]**<br><br>Honorable Josephine L. Staton |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

Plaintiffs Delux Public Charter, LLC d/b/a JSX Air and JetSuiteX, Inc. ("Plaintiffs" or "JSX") respectfully seek leave of this Court to file the following short response to Defendants' Objections to Plaintiffs' [Proposed] Temporary Restraining Order [Dkt. 23].

The Defendants' Objections seek to blur and confuse the precise issues raised in Plaintiffs' pleadings and as understood and articulated by the Court at the TRO hearing. While JSX disagrees with all of the changes suggested by Defendants, in the interest of facilitating the issuance of a prompt TRO Order, JSX addresses one specific set of legal issues briefed and discussed by Plaintiffs and the Court to prevent Defendants from diluting the Court's findings at the hearing.

Defendants improperly characterize the County's obligation to provide access to John Wayne Airport on reasonable and nondiscriminatory terms as a violation of its FAA Grant Assurance obligations that are not before this Court. [Dkt 23. at 2, lines 16-26.] In doing so, Defendants incorrectly attempt to cabin the failure to provide such access as an FAA Grant Assurance violation. However, the wrongful conduct that denied JSX access to the airport is the same wrongful conduct at the heart of Plaintiffs' claims. The non-negotiable lease term that effectively forecloses JSX's access to John Wayne Airport without a valid nondiscriminatory reason constitutes: (1) the denial of access that violates the Airport Noise and Capacity Act; (2) the impermissible local regulation of routes and services that violates the Airline Deregulation Act; and (3) the violation of JSX's right to equal protection. Indeed, the primary cases cited by Plaintiffs in support of its claims incorporate the concepts of reasonableness and nondiscrimination into their analyses. *See, e.g., Friends of E. Hampton Airport, Inc. v. Town of E. Hampton*, 841 F.3d 133, 153 (2d Cir. 2016) ("To the extent local restrictions must be 'reasonable, nonarbitrary, and nondiscriminatory,'…, nothing in *National Helicopter* suggests that an airport proprietor can satisfy these criteria if he fails to comply with mandated procedures of federal law—such as ANCA—for the enactment of such restrictions.") (internal

citations omitted); *Arapahoe Cnty. Pub. Airport Auth. v. FAA*, 242 F.3d 1213, 1223 (10th Cir. 2001) ("because under any circumstances, grant assurance language notwithstanding, '[i]n defining the permissible scope of a proprietor's power to regulate under § [41]713(b)(3) ... an airport proprietor can issue only "reasonable, nonarbitrary, and nondiscriminatory rules that advance the local interest."'") (quoting *Am. Airlines, Inc. v. Dep't of Transp.*, 202 F.3d 788, 799 (5th Cir. 2000), *cert. denied*, 530 U.S. 1284 (2000)) (internal citations omitted).  Accordingly, Plaintiffs respectfully submit that the Court can find that the County breached its federal obligations to afford access on reasonable and nondiscriminatory terms without ruling on whether or not the County's actions constitute a violation of its FAA Grant Assurance obligations.

| | | | |
|---|---|---|---|
| Dated: | December 31, 2020 | | Respectfully submitted, |

By: /s/ William V. O'Connor
William V. O'Connor

Attorneys for Plaintiffs Delux Public Charter, LLC d/b/a JSX Air and JetSuiteX, Inc.

BRIDGFORD, GLEASON & ARTINIAN
Richard K. Bridgford (CA SBN 119554)
Richard.Bridgford@Bridgfordlaw.com
Michael H. Artinian (CA SBN 203443)
Mike.Artinian@Bridgfordlaw.com
26 Corporate Plaza, Suite 250
Newport Beach, CA 92660
Telephone:  (949) 831-6611
Facsimile:   (949) 831-6622

COOLEY LLP
William V. O'Connor (CA SBN 216650)
woconnor@cooley.com
4401 Eastgate Mall
San Diego, CA  92121-1909
Telephone:  (858) 550-6000
Facsimile:  (858) 550-6420

COOLEY LLP
J. Parker Erkmann (*Pro hac vice* to be filed)
perkmann@cooley.com
1299 Pennsylvania Avenue, NW, Ste. 700
Washington, DC 20004-2400
Telephone:   (202) 776-2036
Facsimile:    (202) 842-7899

*Attorneys for Plaintiffs*