BRIDGFORD, GLEASON & ARTINIAN
Richard K. Bridgford (CA SBN 119554)
Richard.Bridgford@Bridgfordlaw.com
Michael H. Artinian (CA SBN 203443)
Mike.Artinian@Bridgfordlaw.com
26 Corporate Plaza, Suite 250
Newport Beach, CA 92660
Telephone:   (949) 831-6611
Facsimile:   (949) 831-6622

COOLEY LLP
William V. O'Connor (CA SBN 216650)
woconnor@cooley.com
4401 Eastgate Mall
San Diego, CA  92121-1909
Telephone:  (858) 550-6000
Facsimile:  (858) 550-6420

COOLEY LLP
J. Parker Erkmann (Admitted *Pro hac vice*)
perkmann@cooley.com
1299 Pennsylvania Avenue, NW, Ste 700
Washington, DC 20004-2400
Telephone:   (202) 776-2036
Facsimile:   (202) 842-7899

COOLEY LLP
Andrew D. Barr (Admitted *Pro hac vice*)
abarr@cooley.com
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021
Telephone:  (720) 566-4121
Facsimile:   (720) 566-4099

*Attorneys for Plaintiffs Delux Public Charter, LLC d/b/a JSX Air and JetSuiteX, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| DELUX PUBLIC CHARTER, LLC D/B/A JSX AIR AND JETSUITEX, INC., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF ORANGE, CALIFORNIA, a charter county; BARRY RONDINELLA in his official capacity as Airport Director of John Wayne Airport, <br><br> Defendants. | Case No. 8:20-CV-2344-JLS (KESx) <br><br> **JOINT RULE 26(f) REPORT** <br><br><br> Judge Josephine L. Staton <br> Magistrate Judge Karen E. Scott |

Pursuant to Federal Rule of Civil Procedure Rule 26(f) and Local Rule 26-1, Plaintiffs Delux Public Charter, LLC d/b/a JSX Air ("JSX") and JetSuiteX, Inc. ("JetSuiteX") (collectively, "Plaintiffs") and Defendants County Of Orange, California ("County"), and Barry Rondinella ("Rondinella") (collectively, "Defendants") hereby submit this Joint Rule 26(f) Report.

## I. Statement of the Case

### A. Plaintiffs' Statement

Plaintiff JSX is a federally licensed "on-demand" Part 135 air carrier. JSX is not an airline and cannot operate similar to airlines. Plaintiff JetSuiteX is a federally licensed "indirect air carrier" that partners with JSX to market air transportation. Federal regulation prohibits JSX's customers from boarding or deplaning at Security Identification Display Areas ("SIDA") at airports. Accordingly, JSX operates out of non-SIDA locations at all airports it serves. Since 2018, Plaintiffs have provided safe, convenient, economical, and federally approved air transportation services at John Wayne Airport ("JWA"). Although there are several non-SIDA locations at JWA that could accommodate Plaintiffs' federally approved operations, Plaintiffs have historically operated out of a non-SIDA location managed by airport tenant and fixed based operator ("FBO"), Aviation Consultants, Inc. ("ACI Jet").

In summer 2020, Defendants the County and Rondinella (the airport director at JWA) began the process of negotiating new leases with the FBOs, including ACI Jet ("Leases"). Defendants included a new, mandatory lease restriction in the FBO Leases which had the effect of prohibiting Plaintiffs'—and only Plaintiffs'—flight services at JWA effective January 1, 2021 ("Lease Restriction"). Defendants intentionally drafted and included the Lease Restriction for the sole purpose of making it impossible for JSX to operate at JWA. Further, Defendants refused to provide any reasonable accommodations to permit Plaintiffs to operate out of any of the other non-SIDA locations at JWA, despite Plaintiffs' repeated requests.

Accordingly, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief

against Defendants on December 14, 2020, alleging that the Lease Restriction violates the Supremacy and Equal Protection Clauses of the Constitution and irreparably harms Plaintiffs. (Dkt. No. 1.) Specifically, Defendants' Lease Restriction violates the Airline Deregulation Act ("ADA") and Airport Noise and Capacity Act ("ANCA"), both of which govern an air carrier's right to enjoy reasonable access to, and provide rates, routes, and services at, a public use airport.

This Court granted Plaintiffs' *Ex Parte* Application for a Temporary Restraining Order on December 23, 2020 (Dkt. No. 18) and issued a temporary restraining order on January 3, 2021 (Dkt. No. 25). A preliminary injunction hearing is set for June 25, 2021, and the temporary restraining order remains in effect until further order of this Court.

On January 12, 2021, the County voted to eliminate the lease restriction from the FBO leases. As a result, Defendants filed a Motion to Dismiss pursuant to FRCP 12(b)(1) on January 19, 2021, claiming that this action is moot. (Dkt. No. 37.)

However, the County has yet to provide Plaintiffs with an accommodation at the Airport (and instead is trying to hide behind ACI Jet and the other FBOs). Plaintiffs are entitled under federal law to a reasonable accommodation at the Airport by the County. Unless and until the County provides such accommodation, Plaintiffs' federal constitutional and statutory rights are being violated. Plaintiffs disagree that this case is moot and will either file an Opposition to Defendants' Motion or file an amended complaint.

**B. Defendants' Statement**

This case is moot. On January 12, 2021, at a duly-noticed, open, and public meeting, and following this District Court's issuance of a Temporary Restraining Order ("TRO") against Defendants, the Orange County Board of Supervisors ("Board") unanimously voted to direct the Airport Director to execute amended leases with Fixed Based Operators ("FBO") Aviation Consultants, Inc. ("ACI Jet"), Clay Lacy Aviation, Inc. ("Clay Lacy") and Jay's Aircraft Maintenance, Inc.

("Jay's"), removing the lease restriction challenged by Plaintiffs Delux Public Charter, LLC D/B/A JSX Air and JetSuiteX, Inc. ("JSX" or "Plaintiffs").[1]

In accordance with the Board's direction, the Airport Director, with the cooperation of the FBOs, promptly executed lease amendments removing the challenged Lease Provision. With the removal of the challenged Lease Provision from the FBO leases – the basis of Plaintiffs' alleged violations of the Airport Noise and Capacity Act of 1990, the Airline Deregulation Act, and the Equal Protection clause – this case is now moot.

## II. Legal Issues

**A. Plaintiffs believe that the key legal issues are as follows:**

1. Whether Defendants have violated ANCA by restricting Plaintiffs' ability to offer air services at JWA;
2. Whether Defendants have violated the ADA by restricting the routes and services Plaintiffs can provide at JWA by failing to accommodate Plaintiffs' air services on reasonable terms; and
3. Whether Defendants violated the Equal Protection Clause of the Fourteenth Amendment by discriminating against Plaintiffs in favor of politically more favorable entities (e.g., airlines).

**B. Defendants believe that the key legal issues are as follows:**

1. Whether the case is moot.

## III. Damages

Plaintiffs do not currently seek damages but reserve the right to amend their Complaint if necessary pursuant to the Federal Rules of Civil Procedure. Plaintiffs do seek attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and estimate that their fees already exceed $500,000.

---

[1] The challenged lease provision states: "LESSEE shall not permit the operation of a Regularly Scheduled Commercial User as defined in section 2.40 of John Wayne Airport's Phase 2 Commercial Airline Access Plan and Regulation, as may be amended from time to time." ("Lease Provision")

### IV. Insurance

The County is self-insured.

### V. Motions

Plaintiffs presently do not anticipate filing motions seeking to add other parties or claims but reserve the right to do so pursuant to the Federal Rules of Civil Procedure. Plaintiffs may file a motion to file amended pleadings, to the extent they are not permitted to file amended pleadings as a matter of right. Plaintiffs expect that one or more discovery motions will be filed pursuant to Magistrate Judge Scott's local procedures.

Defendants have filed a dispositive motion to dismiss based on mootness. Defendants anticipate filing a motion to shorten time on the motion to dismiss and may file requests for protective orders relating to discovery.

### VI. Complexity

The parties agree that this matter shall not be designated as complex. The parties do not consent to the Manual for Complex Litigation to be used in this matter.

### VII. Status of Discovery

On January 8, 2021, this Court granted Plaintiffs' *Ex Parte* Application to Obtain Expedited Discovery from Defendants. (Dkt. No. 33.) The Court ordered Defendants to produce responsive documents related to Plaintiffs' motion for a preliminary injunction on or before January 15, 2021, and a privilege log explaining the basis for withholding any documents on or before January 19, 2021. (*Id.*) Plaintiffs believe that Defendants' production and privilege log is deficient and violates Magistrate Judge Scott's order. (Dkt. No. 33.) Defendants contend that they have done what was required by the expedited discovery order. The Parties are complying with Judge Scott's rules to resolve this discovery dispute. The Parties have stipulated to extend the time to respond to Plaintiffs' remaining requests for production to February 26, 2021, with rolling productions thereafter.

Plaintiffs have noticed the depositions of seven individuals to obtain limited

discovery related to the preliminary injunction briefing. Defendants have objected to four of these depositions. The parties are complying with Judge Scott's rules to resolve this discovery dispute.

Plaintiffs will engage in additional discovery as set forth in the Federal Rules of Civil Procedure.

## VIII. Discovery Plan

### A. Initial Disclosures

The parties exchanged initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. To the extent that there are any perceived deficiencies in the disclosures, the parties will meet and confer and, if an agreement cannot be reached, the parties will advise the Court in compliance with the Local Rules of any need to compel further disclosures.

### B. Anticipated Subjects of Discovery

The parties are conducting discovery in phases. The first phase is related to Plaintiffs' motion for a preliminary injunction. This phase remains ongoing due to Plaintiffs' belief that Defendants' production and privilege log is deficient. The second phase will be related to discovery in anticipation of a trial on the merits.

Plaintiffs anticipate discovery will be needed concerning the following:

1. Defendants' decision to restrict Plaintiffs from operating at JWA;
2. Defendants' decision to restrict the rates and services Plaintiffs can provide at JWA;
3. Defendants' basis for, and decision to include, the Lease Restriction;
4. Defendants' communications with FBOs who submitted a proposal during the FBO RFP process;
5. Defendants' communications related to JSX and/or JetSuiteX;
6. Defendants' communications with the Orange County Board of Supervisors regarding the Lease Restriction;
7. Defendants' knowledge that Plaintiffs cannot operate at SIDA areas at

JWA;

8. Defendants' refusal to provide a reasonable accommodation at a non-SIDA location at JWA;

9. Defendants' failure to comply with ANCA;

10. Defendants' failure to comply with ADA;

11. Defendants' intentional discrimination targeted at Plaintiffs;

12. Defendants' communications with the airlines who offer services at JWA, including but not limited to Allegiant Airlines and Spirit Airlines;

13. Defendants' communications with the federal government regarding Plaintiffs and/or the Lease Restriction;

14. Defendants' communications with state or local governments (other than Orange County) regarding Plaintiffs and/or the Lease Restriction;

15. Plaintiffs reserve the right to add additional categories pursuant to the Federal Rules of Civil Procedure.

Defendants anticipate discovery will be needed concerning the following:

1. Because a dispositive motion is pending, Defendants do not yet have a discovery plan, as any plan will necessarily depend on the nature of the remaining claims, if any.

**C. Limitations on Discovery**

The parties anticipate conducting discovery subject to the limitations imposed by the Federal Rules of Civil Procedure, the Local Rules, and in accordance with the discovery deadlines set by this Court.

**D. Discovery Cutoff**

The parties' respective scheduling proposals are set forth in the proposed case management schedule attached as Exhibit A. Plaintiffs propose a fact discovery cutoff date of June 25, 2021. Defendants propose a fact discovery cutoff date of June 25, 2021, or as appropriate based on any selected trial date.

### E. Electronically Stored Information ("ESI")

Discovery in this case will involve the production of ESI. Electronic discovery shall be produced to the requesting party in a reasonably usable format pursuant to the Federal Rules of Civil procedure and applicable law. The parties agree to preserve discoverable ESI and have taken appropriate steps to preserve evidence relevant to the issues reasonably evident in this action.

### F. Privileged Materials

The parties will produce privilege logs detailing any responsive documents withheld from production on the basis of privilege that were created before the original Complaint in this matter was served on Defendants in this matter. The parties agree to a "clawback" process as set forth in Federal Rule of Evidence 502(b). If a party seeks to "clawback" a document, the other party must immediately return (or destroy) the document but can challenge the claim of privilege within 7 days of the clawback. If the parties cannot resolve the privilege issue, the parties will present the issue to Magistrate Judge Scott in compliance with her local rules and procedures.

### G. Protective Orders

The parties agree to use their best efforts to negotiate a proposed protective order. In the event that the parties are unable to negotiate a proposed protective order, the parties will comply with Judge Scott's rules to resolve the dispute.

## IX. Expert Discovery

The parties' respective scheduling proposals are set forth in the proposed case management schedule attached as Exhibit A. The parties propose the following dates for expert disclosures and cutoff:

**1. Plaintiffs' Proposal**

| Event | Cutoff Date |
| --- | --- |
| Initial Disclosure of Expert and Expert Reports | July 9, 2021 |
| Rebuttals | August 6, 2021 |

| Expert Discovery Cutoff | September 3, 2021 |

### 2. Defendants' Proposal

| Event | Cutoff Date |
|---|---|
| Initial Disclosure of Expert and Expert Reports | Premature to estimate given mootness of complaint |
| Rebuttals | Premature to estimate given mootness of complaint |
| Expert Discovery Cutoff | Premature to estimate given mootness of complaint |

## X. Dispositive Motions

Plaintiffs reserve the right to file a dispositive motion on each of the issues of law set forth in II(A), *supra*. At this time, it is too early to tell whether such a motion will be necessary or appropriate.

## XI. Alternative Dispute Resolution ("ADR") Procedure Selection

The parties have selected ADR Procedure No. 3 (private mediation) as the preferred settlement mechanism.

## XII. Settlement Efforts

As of the time of this Joint Report, the parties have engaged in settlement discussions. A resolution of the matter has not been agreed upon at this time.

## XIII. Preliminary Trial Estimate

### A. Plaintiffs' Estimate

Plaintiffs estimate that trial in this matter will last 10 court days, and the trial will be by jury. Plaintiffs anticipate calling approximately 15 percipient witnesses and possibly 2 expert witnesses.

### B. Defendants' Estimate

At this time, Defendants do not anticipate a trial will be necessary. But, if an

amended complaint is filed with viable claims, Defendants will assess and can provide an updated time estimate.

## XIV. Trial Counsel

### A. For Plaintiffs

William V. O'Connor, Cooley LLP

### B. For Defendants

Nicole M. Walsh, Senior Assistant County Counsel and Carolyn Khouzam, Deputy County Counsel

## XV. Independent Expert or Master

The parties do not believe that this case requires the appointment of a master pursuant to Federal Rule of Civil Procedure 53 or an independent scientific expert.

## XVI. Other Issues

None.

## XVII. Exhibit A

The parties have completed the proposed case management schedule attached as Exhibit A.

Date: February 3, 2021

Respectfully submitted,

By: /s/Nicole M. Walsh
    Nicole M. Walsh

LEON J. PAGE. County Counsel
NICOLE M. WALSH. Senior Assistant
LAUREN KRAMER. Supervisor
VANESSA D. ATKINS. Deputy
CAROLYN M. KHOUZAM. Deputy

*Attorneys for Defendants Barry Rondinella, in his official capacity as Airport Director of John Wayne Airport; and Orange County, California*

By: /s/William V. O'Connor
    William V. O'Connor

BRIDGFORD, GLEASON & ARTINIAN
Richard K. Bridgford (CA SBN 119554)
Richard.Bridgford@Bridgfordlaw.com
Michael H. Artinian (CA SBN 203443)
Mike.Artinian@Bridgfordlaw.com
26 Corporate Plaza, Suite 250
Newport Beach, CA 92660
Telephone: (949) 831-6611
Facsimile: (949) 831-6622

COOLEY LLP
William V. O'Connor (CA SBN 216650)
woconnor@cooley.com
4401 Eastgate Mall

San Diego, CA 92121-1909
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

COOLEY LLP
J. Parker Erkmann (Admitted *Pro hac vice*)
perkmann@cooley.com
1299 Pennsylvania Avenue, NW, Ste 700
Washington, DC 20004-2400
Telephone: (202) 776-2036
Facsimile: (202) 842-7899

COOLEY LLP
Andrew D. Barr (Admitted *Pro hac vice*)
abarr@cooley.com
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021
Telephone: (720) 566-4121
Facsimile: (720) 566-4099

*Attorneys for Plaintiffs Delux Public Charter, LLC d/b/a JSX Air and JetSuiteX, Inc.*

# EXHIBIT A

# PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

**CASE NAME:** *Delux Public Charter, LLC d/b/a JSX Air, et al. v. County of Orange, California, et al.*

**CASE NO:** 8:20-cv-2344-JLS-KES

| Matter | Deadline | Plaintiffs' Request | Defendants' Request[2] |
|---|---|---|---|
| Last Day to File Motions to Add Parties and Amend Pleadings | Scheduling Conference Date plus 60 days | March 8, 2021 | March 8, 2021 |
| Fact Discovery Cut-Off | 18 weeks before the Final Pretrial Conference ("FPTC") | June 25, 2021 | June 25, 2021 |
| Last Day to Serve Initial Expert Reports | 16 weeks before the FPTC | July 9, 2021 | July 9, 2021 |
| Last Day to File Motions (except *Daubert* and all other Motions in Limine) | 16 weeks before the FPTC | July 9, 2021 | July 9, 2021 |
| Last Day to Serve Rebuttal Expert Reports | 12 weeks before the FPTC | August 6, 2021 | August 6, 2021 |
| Last Day to Conduct Settlement Proceedings | 9 weeks before the FPTC | August 27, 2021 | August 27, 2021 |
| Expert Discovery Cut-Off | 8 weeks before the FPTC | September 3, 2021 | September 3, 2021 |
| Last Day to File *Daubert* Motions | 7 weeks before the FPTC | September 10, 2021 | September 10, 2021 |
| Last Day to File Motions in Limine | 4 weeks before the FPTC | October 1, 2021 | October 1, 2021 |

---

[2] The County provides these dates as placeholders based on the fact that this case is moot and an amended complaint which likely will require new deadlines is expected to be filed.

| | | | |
|---|---|---|---|
| (other than *Daubert* Motions) | | | |
| Final Pre-Trial Conference (Friday at 10:30 a.m.) | | October 29, 2021 | October 29, 2021 |