2344COOLEY LLP
William V. O'Connor (CA SBN 216650)
woconnor@cooley.com
4401 Eastgate Mall
San Diego, CA  92121-1909
Telephone:  (858) 550-6000
Facsimile:   (858) 550-6420

COOLEY LLP
J. Parker Erkmann (*Pro hac vice*)
perkmann@cooley.com
1299 Pennsylvania Avenue, NW, Ste 700
Washington, DC 20004-2400
Telephone:  (202) 776-2036
Facsimile:   (202) 842-7899

COOLEY LLP
Andrew D. Barr (*Pro hac vice*)
abarr@cooley.com
1144 15th Street, Suite 2300
Denver, CO  80202-2686
Telephone:  (720) 566-4121
Facsimile:   (720) 566-4099

Attorneys for Plaintiffs Delux Public Charter, LLC d/b/a
JSX Air and JetSuiteX, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| DELUX PUBLIC CHARTER, LLC D/B/A JSX AIR AND JETSUITEX, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ORANGE, CALIFORNIA, a charter county; BARRY RONDINELLA in his official capacity as Airport Director of John Wayne Airport,<br><br>Defendants. | Case No. 8:20−cv−02344 JLS (KESx)<br><br>**DECLARATION OF WILLIAM V. O'CONNOR IN SUPPORT OF COOLEY LLP'S *EX PARTE* APPLICATION TO WITHDRAW AS COUNSEL OF RECORD**<br><br>Judge Josephine L. Staton |

I, William V. O'Connor declare as follows:

**1.**   I am an attorney licensed to practice law before the Courts of the State of California and am a partner at the law firm of Cooley LLP ("Cooley"), counsel for Plaintiffs Delux Public Charter, LLC d/b/a JSX Air and JetSuiteX, Inc. ("Plaintiffs"). I have personal knowledge of the facts contained herein, and, if called as a witness,

1. could and would testify competently to the matters stated herein. I make this Declaration in support of Cooley's Motion to Withdraw as Counsel to Plaintiffs (the "Motion").

2. Plaintiffs are represented in this matter by at least three law firms: Cooley, Bridgford, Gleason & Artinian ("Bridgford Gleason"), which is also counsel of record in this matter, and Moss & Gilmore LLP ("Moss Gilmore"), whose partner, Raymond Moss, serves as Plaintiffs' outside general counsel.

3. On December 14, 2020, Cooley and Bridgford Gleason filed the instant case on Plaintiffs' behalf and noticed appearances as counsel of record for Plaintiffs.

4. On June 23, 2021, the City of Newport Beach ("City"), a former Cooley client, advised Cooley that the City believed that Cooley's prior representation of the City might create a conflict of interest with Cooley's representation of Plaintiff in this matter. The City had never previously raised concerns about any conflicts of interest, and did not, at that time, demand or suggest that Cooley withdraw from its representation of Plaintiffs. In addition, the City did not express any reservations about interacting with Cooley in its capacity as counsel for Plaintiffs.

5. The City's conflict allegations against Cooley are meritless. The prior engagement between Cooley and the City concluded properly and is not substantially related to this matter. In addition, Cooley did not obtain any confidential information of the City that is material to this matter.

6. The City did not raise the issue of any potential conflict again for the next five weeks. During that time, Cooley continued with its representation of Plaintiffs. The City was aware of Cooley's continued representation of Plaintiffs.

7. On July 30, 2021, Cooley received a letter from the City, through its separate counsel, Sall Spencer Callas & Krueger, in which the City alleged that Cooley did have a conflict of interest with its representation of Plaintiffs because of Cooley's prior representation of the City. The City began making demands to Cooley, including that Cooley withdraw from its representation of Plaintiffs. In

addition, the City informed Cooley that if it did not withdraw, the City would seek to disqualify not only Cooley, but also Bridgford Gleason, from representing Plaintiffs.

8. Over the next several weeks, the City's demands to Cooley increased in number, scope, and aggressiveness. In response, Cooley sent a letter to the City making clear that Cooley did not have any conflict with the City with respect to their prior engagement and explaining in detail why the City's allegations were meritless.

9. Defendants have requested an eight-week extension of the discovery cut-off, as well as extensions for a number of upcoming discovery dates, to accommodate Defendant's own retention of new counsel.

10. Over the past several weeks, certain events have occurred, in addition to the City's actions, that have made it clear that, in light of Cooley's ethical obligations and other professional considerations, it is no longer possible for Cooley to continue to represent Plaintiffs effectively.

11. On September 2, 2021, pursuant to Local Rule 82-2.3.2, Cooley provided written notice to Plaintiffs that Cooley intended to file a motion to withdraw as Plaintiff's counsel in this matter.

12. On September 6, 2021, pursuant to Local Rule 83-2.3.4, Cooley provided Plaintiffs with written notice regarding an organization's inability to appear pro se.

13. On September 6, 2021, pursuant to Local Rule 82-2.3.2, Cooley provided Defendants with written notice of Cooley's intent to seek the Court's permission to withdraw as Plaintiffs' counsel in this matter.

14. On September 7, 2021, Cooley spoke with Ms. Nicole Walsh, counsel for Defendants, and informed her that Defendants would have 24 hours to respond to Cooley's *ex parte* motion.

15. On September 8, 2021, Cooley left a voice message for Mr. Bridgford, counsel of record for Plaintiffs, and informed him that Plaintiffs would have 24 hours to respond to Cooley's *ex parte* application.

**16.** Multiple professional considerations require the termination of Cooley's representation of Plaintiffs, including that it has become unreasonably difficult for Cooley to carry out its representation of Plaintiffs effectively.

I declare under penalty of perjury under that the foregoing is true and correct. Executed this 8th day of September 2021, in San Diego, California.

_____
William V. O'Connor