1  MATTHEW A. HODEL (SB# 93962)
   Email: mhodel@hodelwilks.com
2  HODEL WILKS LLP
   4 Park Plaza, Suite 640
3  Irvine, California 92614
   Telephone: (949) 450-4470
4
5  Specially Appearing Attorneys for Plaintiffs
   Delux Public Charter, LLC d/b/a
6  JSX Air and JetSuiteX, Inc.

7

8                   UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

10

| 11 | DELUX PUBLIC CHARTER, LLC D/B/A JSX AIR AND JETSUITEX, INC., | CASE NO. 8:20-CV-2344-JLS (KESx) |
|---|---|---|
| 12 | | **DELUX PUBLIC CHARTER, LLC D/B/A JSX AIR AND JETSUITEX, INC.'S OPPOSITION TO COOLEY LLP'S *EX PARTE* APPLICATION SEEKING TO WITHDRAW AS COUNSEL; AND DECLARATIONS OF RAYMOND L. MOSS AND RICHARD K. BRIDGFORD** |
| 13 | Plaintiffs, | |
| 14 | vs. | |
| 15 | COUNTY OF ORANGE, CALIFORNIA, a charter county; BARRY RONDINELLA in his official capacity as Airport Director of John Wayne Airport, | |
| 16 | | |
| 17 | | Discovery Cut-off: 10/22/2021<br>Pretrial Conference: 03/04/2022<br>Preliminary Injunction: 10/22/2021<br>Trial Date: Not Set |
| 18 | Defendants. | |
| 19 | | |
| 20 | | Judge: Josephine L. Staton |

21
22
23
24
25
26
27
28

---

Plaintiffs Delux Public Charter, LLC d/b/a JSX Air and JetSuiteX, Inc. ("Plaintiffs") oppose the ex parte application of Cooley LLP ("Cooley") which seeks to withdraw as Plaintiffs' counsel in this matter.

As will be discussed, Plaintiffs respectfully request that the court respond to this application as follows:

(1) Decline to resolve such an important motion on an ex parte basis. Instead, it should be heard on the court's regularly noticed calendar.

(2) Conduct fact-finding of the allegations and, if necessary, an in-camera review. In particular the court should be interested in ascertaining whether the City of Newport Beach, in a litigation of important public interest, is acting in bad faith by making false accusations of a conflict of interest.

(3) Stay this action and discovery proceedings until these questions are resolved.

## I. NO EXIGENCY—THIS MATTER SHOULD BE HEARD ON REGULAR NOTICE

When a prominent law firm, as Cooley certainly is, seeks to withdraw as counsel of record on an ex parte basis from significant litigation there had better be an extreme emergency at hand, and an excellent record supporting such a request. None of that is presented here.

Cooley's ex parte application admits that as early as June 23, 2021 it was aware that that the firm had a problem with the City of Newport Beach asserting, or potentially asserting, conflict of interest allegations. (See declaration of Cooley partner, William O'Connor at ¶ 5 in support of the ex parte application.)

At no time prior to filing this application did Cooley forewarn Plaintiffs that it would seek to withdraw using an ex parte procedure rather than on a regular noticed hearing. But it's worse than that. Cooley was aware when it filed this ex

parte that Plaintiffs' outside General Counsel, the person to whom they report, is on vacation in Europe, nine time zones away. (Declaration of Raymond L. Moss at ¶ 4)("Moss Decl.") Cooley was also aware that its co-counsel was going to be out of the country and generally unavailable from September 11 through October 11, 2021. (Declaration of Richard K. Bridgford ("Bridgford Decl.") at ¶ 7.)

      Cooley has been counsel for one or more of the Plaintiffs for many years, on a variety of matters. The firm began work related to this engagement over 25 months ago. It has been lead counsel ever since this action was filed. Plaintiffs have made a significant investment in Cooley as its lead counsel. Contrary to the assertions made in the application, co-counsel cannot take this case over as lead counsel. And it is absolutely ludicrous for Cooley to assert that Plaintiffs' outside General Counsel should suddenly start litigating in California as counsel of record. (Moss Decl. at ¶¶ 7-10.) (Bridgford Decl. at ¶¶ 2-4, 10-12.)

      Moreover, this litigation is at a critical juncture. The parties are involved in heavy discovery leading up to a potentially outcome determinative preliminary injunction hearing on October 22, 2021. Unbelievably, Cooley files this application less than two weeks before Plaintiffs' opening brief is due in connection with the preliminary injunction hearing, an important fact that it completely leaves out of its ex parte application. (Moss Decl. at ¶ 10.) (Bridgford Decl. at ¶ 9.)

## II.   WHY THE COURT SHOULD BE INTERESTED IN FULL BRIEFING

      The instant matter is significant to this county. The dispute is whether Plaintiffs should be allowed to assert their access rights to John Wayne Airport. Plaintiffs make important allegations, including challenges to the constitutionality of actions and agreements affecting their use of the airport. Those allegations were found by the court to be worthy enough for a TRO and scheduling of a preliminary injunction hearing.

1   Plaintiff should be allowed to keep their chosen lawyers, especially when
2   those lawyers have been lead counsel since the inception.
3       Given the stakes, the court, for the purpose of protecting the integrity of this
4   process, should be interested in getting to the bottom whether there is any basis for
5   the conflict assertion by the City of Newport Beach. Is it correct, as Cooley has told
6   its clients, that the City is asserting these allegations in bad faith and for purely
7   tactical reasons?
8       Remarkably enough, in making this application Cooley asserts there is no
9   conflict:

> "The City's conflict allegations against Cooley are meritless. The prior engagement between Cooley and the City concluded properly and is not substantially related to this matter. In addition, Cooley did not obtain any confidential information of the City that is material to this matter." (O'Connor Decl. at ¶ 5.)

15  Cooley's position that there is no conflict arising from any prior
16  representation of the City Of Newport Beach is fully consistent with what it has
17  told Plaintiffs' outside General Counsel and co-counsel. In fact, Cooley has stated,
18  unequivocally, that the City of Newport Beach's allegations are absolutely false and
19  made in bad faith. Cooley has also stated that it has a high degree of confidence that
20  if any motion to disqualify were filed it would and could defeat such a motion.
21  (Moss Decl. at ¶ 5.) (Bridgford Decl. at ¶ 8.)

### III.    CONCLUSION—A MATTER OF PUBLIC IMPORTANCE

This court should be concerned whether it is true, as Cooley says, that the City of Newport Beach is engaging in at least ethical conduct by interfering, through false accusations and threats, with Plaintiffs' right to their chosen counsel. This is a matter of great importance to not only Plaintiffs but Orange County. The

court should not allow a matter of this nature to be decided on ex parte basis. There should be full briefing, an appropriate investigation by the court, and a stay of this action and discovery proceedings until these matters are resolved.

DATED: September 9, 2021             HODEL WILKS LLP

                                     By:  _____/s/ Matthew A. Hodel_____
                                            MATTHEW A. HODEL

                                     Specially Appearing Counsel for Plaintiffs
                                     Delux Public Charter, LLC d/b/a
                                     JSX Air and JetSuiteX, Inc.

# DECLARATION OF RAYMOND L. MOSS

Raymond L. Moss, declares:

1. I am outside General Counsel for Plaintiffs Delux Public Charter, LLC d/b/a JSX Air and JetSuiteX, Inc. (collectively, "JSX" or "Plaintiffs"), have been so since inception of this litigation. I have personal knowledge of the matters set forth in this declaration, and if called as a witness I could and would competently and truthfully testify as follows.

2. I have reviewed Cooley LLP's ("Cooley") ex parte application seeking to withdraw as counsel for Plaintiffs in this matter. Based on the limited information that Cooley has provided to us, and because Plaintiffs will be severely prejudiced if they have to retain new lead counsel, we must oppose this application. We request more time to do so, rather than have the court decide such an important matter in an ex parte basis. We ask the court to set a briefing on this matter on normal notice and for the court, as it sees fit, to investigate (including, as necessary an in-camera review) of the conflict-of-interest allegations made by the City of Newport Beach against our counsel, Cooley. We also request the court fully stay this matter and all discovery until this question is resolved.

3. As outside General Counsel for Plaintiffs I have been the chief legal officer for Plaintiffs working with Cooley since the inception of this litigation and on other legal matters both before and after this litigation was filed. Cooley has always reported directly to me on these and other legal matters for Plaintiffs.

4. Cooley only very recently informed us that it believed it needed to withdraw from the case and that it would do so even without our consent. And it was only in the last few hours that I became aware that it was seeking to do so on an ex parte basis. At the time Cooley filed this ex parte application it was aware that I am currently on vacation in Europe, nine time zones away.

5. Cooley has stated to me, without qualification, that the conflict accusations made by the City of Newport Beach are completely baseless. Cooley

has told me that it does not believe it has any conflict whatsoever arising from any prior representation of the City of Newport Beach. It has told me that the City of Newport Beach's accusations are made for purely tactical reasons and in bad faith. Cooley has stated that it has a high degree of confidence that if any motion to disqualify were made against the firm that it could and would successfully defeat such a motion.

6. Despite our requests for information to help us understand the allegations made by the City of Newport Beach, Cooley has provided us with only limited and insufficient information for us to evaluate these claims. It has not provided us with all correspondence to and from the City of Newport Beach relevant to these allegations and that which it has provided has been heavily redacted.

7. Contrary to the assertions made in the ex parte application, it will be extremely prejudicial to Plaintiffs to have to change counsel at this point. From the beginning, Cooley, because of its regulatory and aviation expertise, has been and is still lead counsel in this litigation on all aspects of the case. I work with three Cooley offices in this matter: Denver, San Diego and Washington DC.  Cooley first began working for Plaintiffs over 25 months ago, in or about August 2019, on matters relevant to this litigation. Cooley previously provided related advice concerning JSX's legal and operational issues at John Wayne Airport for many years, going back to 2016. The relationship with some partners of the Cooley firm goes back approximately 12 years on a variety of other aviation and regulatory matters.

8. Plaintiffs have made a significant monetary investment in prosecuting this case by paying for Cooley's services. Plaintiff also have provided significant logistical time and support to Cooley by providing it with necessary information, facts and witnesses. It will be immensely costly and time-consuming to have to find and educate qualified, conflict free aviation counsel to take the Cooley firm's place.

9. We dispute the assertion made by the ex parte application that Plaintiffs will not be prejudiced if the Cooley firm abruptly withdraws. We have always had only one lead counsel in this case, and that is Cooley. Cooley's co-counsel on this case, the law firm of Bridgford, Gleason and Artinian, are not, and never have been, lead counsel. Nor does the Bridgford law firm have special expertise in aviation and regulatory matters like the Cooley firm does. The Bridgford firm was hired for a special and limited purposes and it is a small law firm (four attorneys) and it does not have the resources or size to act as lead counsel in this case. Cooley also asserts that because I am a lawyer Plaintiffs will not be prejudiced if they withdraw. This assertion is false and I told Cooley exactly that before it filed this application. I am not admitted to practice before this court and I am not and have never been a member of the California Bar Association. Nor am I an expert on aviation and/or/related aviation regulatory law. I function purely as outside General Counsel for plaintiffs. I do not reside in California.

10. This case and its potential outcome are of extreme importance to Plaintiffs, and the case is at a critical juncture. Plaintiffs have obtained a TRO and the case is now in the heavy discovery phase leading up to the decisive preliminary injunction motion set to be heard on October 22, 2021. I am advised that Plaintiffs' opening brief in connection with this important motion is due in less than two weeks, on September 22, 2021.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed September 9, 2021 at Canton du Valais, Switzerland.

_____
RAYMOND L. MOSS

| | |
|---|---|
| 1 | BRIDGFORD, GLEASON & ARTINIAN |
| 2 | Richard K. Bridgford (CA SBN 119554)<br>Richard.Bridgford@Bridgfordlaw.com |
| 3 | Michael H. Artinian (CA SBN 203443)<br>Mike.Artinian@Bridgfordlaw.com |
| 4 | 26 Corporate Plaza, Suite 250<br>Newport Beach, CA 92660 |
| 5 | Telephone:  (949) 831-6611<br>Facsimile:   (949) 831-6622 |
| 6 | COOLEY LLP |
| 7 | William V. O'Connor (CA SBN 216650)<br>woconnor@cooley.com |
| 8 | 4401 Eastgate Mall<br>San Diego, CA  92121-1909 |
| 9 | Telephone:  (858) 550-6000<br>Facsimile:   (858) 550-6420 |
| 10 | COOLEY LLP |
| 11 | J. Parker Erkmann (Admitted *Pro hac vice*)<br>perkmann@cooley.com |
| 12 | 1299 Pennsylvania Avenue, NW, Ste 700<br>Washington, DC 20004-2400 |
| 13 | Telephone:   (202) 776-2036<br>Facsimile:    (202) 842-7899 |
| 14 | COOLEY LLP |
| 15 | Andrew D. Barr (Admitted *Pro hac vice*)<br>abarr@cooley.com |
| 16 | 1144 15th Street, Suite 2300<br>Denver, CO 80202-2686 |
| 17 | Telephone:  (720) 566-4121<br>Facsimile:   (720) 566-4099 |
| 18 | Attorneys for Plaintiffs Delux Public Charter, LLC d/b/a |
| 19 | JSX Air and JetSuiteX, Inc. |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| DELUX PUBLIC CHARTER, LLC D/B/A JSX AIR AND JETSUITEX, INC., <br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ORANGE, CALIFORNIA, a charter county; BARRY RONDINELLA in his official capacity as Airport Director of John Wayne Airport,<br><br>Defendants. | Case No. 8:20-CV-2344-JLS (KESx)<br><br>**DECLARATION OF RICHARD K. BRIDGFORD**<br><br>Discovery Cutoff: October 22, 2021<br>Pretrial Conference: March 4, 2021<br>P.I. Hearing Date: October 22, 2021<br>Trial Date: Not Set<br><br>Judge Josephine L. Staton |

9

DECLARATION OF RICHARD K. BRIDGFORD

I, Richard K. Bridgford declare as follows:

1. I am an attorney licensed to practice law before the Courts of the State of California and am a partner at the law firm of Bridgford Gleason & Artinian ("BGA"), co-counsel for Plaintiffs Delux Public Charter, LLC d/b/a JSX Air and JetSuiteX, Inc. ("JSX" or "Plaintiffs"). I have personal knowledge of the facts contained herein, and if called as a witness, I could and would testify competently to the matters stated herein. I make this declaration in support of JSX's opposition to Cooley's motion to Withdraw as counsel for Plaintiffs.

2. JSX hired my firm, BGA, in December 2020 to assist JSX's aviation counsel, Cooley, LLP, with the claims that have been asserted in this matter. BGA does not specialize in aviation law – Cooley does. Among other things, BGA's expertise and experience is in business litigation, tort litigation, and trial work. Since the TRO hearing this Court held in December 2020, Cooley (as counsel with expertise in federal aviation law) has handled discovery and most all other litigation matters that have transpired over the last 8 months. BGA's involvement and role has been very limited during the last 8 months, at the request of JSX.

3. It is my belief that JSX would be substantially prejudiced if Cooley was permitted to withdraw on an ex parte basis, at this stage of the proceedings, without the benefit of new lead/aviation counsel being retained and brought up to speed regarding the substantial discovery and motion practice that has occurred, and that is scheduled to occur over the next several months.

4. The County just filed an application to modify the scheduling order dates by approximately 2 months (See Document #74). However, notably missing

from the County's request to continue dates are (1) the Preliminary Injunction Hearing (scheduled for October 22nd), and (2) the Motion to Dismiss (scheduled for December 10th). Continuances of those hearings are also necessary, and should be continued, at minimum, commensurate with the 2-month continuance the County requested for the other dates/deadlines.

5. I am informed that JSX's briefing on the Preliminary Injunction motion is due September 22, 2021 – less than 2 weeks away.

6. In the past and in the present Preliminary Injunction Motion, the papers, as they revolve around aviation issues, were always drafted by Cooley. BGA then commented.

7. Additionally, over the last two months, I have informed Cooley and JSX on multiple occasions that I will be out of the country and generally unavailable between September 11, 2021 and October 11, 2021.

8. The first time Cooley notified BGA that they would actually be seeking to withdraw (via ex parte no less) was via a voicemail I received from Bill O'Connor on September 8, 2021, just before Cooley filed its ex parte application to withdraw. Prior to that, I had been told by Cooley/O'Connor in a phone call that the City's conflict assertion lacked merit. No other grounds for withdrawal have ever been mentioned to me.

9. The relevant question to me regarding whether JSX is prejudiced is when an attempted withdrawal is made relative to upcoming deadlines/dates. Such notice was provided on the very eve of several deadlines, including:
   a. Today's deadline I just learned about for JSX to respond to the County's first sets of written discovery. I only learned this when (and

DECLARATION OF RICHARD K. BRIDGFORD

    because) JSX ethics counsel Matt Hodel, Esq. forwarded me the email of Cooley attorney Feng which had attached to it written discovery requests <u>due today</u>.

   b. The September 22, 2021 deadline for JSX to file its opening brief regarding the Preliminary Injunction hearing currently scheduled for hearing on October 22, 2021.

10. At all times during the pendency of this case, Cooley has been charged with leading and handling all aspects of discovery and motion practice – including but not limited to the upcoming Preliminary Injunction hearing set for October 22, 2021.

11. If the Court is inclined to grant Cooley's request to withdraw (now or on regular notice), BGA will require the assistance of new lead litigation counsel with an expertise in aviation law, to not only get up to speed on the substantial discovery already conducted, but to also conduct additional discovery and prepare for both the Preliminary Injunction hearing and the County's Motion to Dismiss.

12. Based on the foregoing, BGA and JSX request the Court stay the action pending resolution of Cooley's Motion to Withdraw – which, if granted, will also require JSX to retain new lead and aviation counsel to come into this case, and be afforded sufficient time to prepare for upcoming discovery and hearings.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 9th day of September, 2021 in Newport Beach, California.

                                            RICHARD K. BRIDGFORD

DECLARATION OF RICHARD K. BRIDGFORD