COOLEY LLP
William V. O'Connor (CA SBN 216650)
woconnor@cooley.com
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

COOLEY LLP
J. Parker Erkmann (*Pro hac vice*)
perkmann@cooley.com
1299 Pennsylvania Avenue, NW, Ste 700
Washington, DC 20004-2400
Telephone: (202) 776-2036
Facsimile: (202) 842-7899

COOLEY LLP
Andrew D. Barr (*Pro hac vice*)
abarr@cooley.com
1144 15th Street, Suite 2300
Denver, CO 80202-2686
Telephone: (720) 566-4121
Facsimile: (720) 566-4099

Attorneys for Plaintiffs Delux Public Charter, LLC d/b/a JSX Air and JetSuiteX, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| DELUX PUBLIC CHARTER, LLC D/B/A JSX AIR AND JETSUITEX, INC., <br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ORANGE, CALIFORNIA, a charter county; BARRY RONDINELLA in his official capacity as Airport Director of John Wayne Airport,<br><br>Defendants. | Case No. 8:20-CV-2344-JLS (KESx)<br><br>**COOLEY LLP'S REPLY TO DELUX PUBLIC CHARTER, LLC D/B/A JSX AIR AND JETSUITEX, INC.'S OPPOSITION TO COOLEY LLP'S *EX PARTE* APPLICATION SEEKING TO WITHDRAW AS COUNSEL**<br><br>Judge Josephine L. Staton |

1   Cooley LLP's ("Cooley") application for leave to withdraw as counsel for Delux Public Charter, LLC d/b/a JSX Air and JetSuiteX, Inc. ("Plaintiffs" or "JSX") must be heard on an expedited basis.  It is untenable for Cooley to remain as Plaintiffs' counsel for the next six months until there is a date available on the Court's regularly noticed hearing calendar.  Plaintiffs have been and continue to be represented by two other law firms in connection with this litigation, and are now represented by a third law firm in connection with Cooley's application.  If Plaintiffs believe that three law firms are not enough to adequately represent their interests, they are free to retain yet another law firm.  In any case, Cooley is prepared to ensure as seamless of a transition to Plaintiffs' other counsel as possible.

Furthermore, there is no need to conduct full briefing of the City's unfounded conflict allegations against Cooley to rule on Cooley's application for leave to withdraw.  Since the City alleged a conflict, other events have occurred—separate from the City's conduct—that have made it unreasonably difficult for Cooley to continue to represent Plaintiffs effectively, and necessitate and entitle Cooley to withdraw.  The City's allegations inform, but are distinct from, the basis upon which Cooley seeks to withdraw. (O'Connor Decl. ¶¶ 5, 10.)   Cooley cannot continue to effectively serve as counsel for Plaintiffs, regardless of the merits of the City's allegations. (O'Connor Decl. ¶¶ 10, 16.); *see* CAL. RULES OF PROF'L CONDUCT r. 1.16 (b)(4), (b)(9), (b)(10) (STATE BAR OF CAL. 2020).

Cooley would not seek to withdraw as counsel for a client in an ongoing litigation unless there were extraordinary circumstances <u>and</u> the litigation was at a point at which withdrawal would not prejudice the client.  That is precisely the case here. (O'Connor Decl. ¶¶ 10, 16.) However, because of Cooley's ethical obligations to Plaintiffs, Cooley cannot provide the Court with detailed information regarding all of the reasons Cooley must be permitted to withdraw.  *Id*.  Nevertheless, the fact that Cooley is seeking to withdraw on an expedited basis should be informative to the Court.  In addition, in such circumstances as these, where Cooley's hands are tied by

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2

REPLY TO OPPOSITION TO COOLEY LLP'S
*EX PARTE* APPLICATION SEEKING TO
WITHDRAW AS COUNSEL

its duties to Plaintiffs, the authority is clear: The Court is not only permitted to, but should grant Cooley's application to withdraw. *See* MODEL RULES OF PROF'L CONDUCT r. 1.16 cmt. 3 (AM. BAR ASS'N 1983) ("The court may request an explanation for the withdrawal, while the lawyer may be bound to keep confidential the facts that would constitute such an explanation. The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient."); *see also Aceves v. Superior Ct.*, (1996) 51 Cal. App. 4th 584 at 592.

For the reasons stated above, this Court should grant Cooley's *ex parte* application for leave to withdraw as counsel for Plaintiffs on an expedited basis.

Dated: September 9, 2021             Respectfully submitted,

By: */s/ William V. O'Connor*
William V. O'Connor

COOLEY LLP
William V. O'Connor (CA SBN 216650)
woconnor@cooley.com
4401 Eastgate Mall
San Diego, California  92121-1909
Telephone:  (858) 550-6000
Facsimile:  (858) 550-6420

COOLEY LLP
J. Parker Erkmann (*Pro hac vice* to be filed)
perkmann@cooley.com
1299 Pennsylvania Avenue, NW, Ste. 700
Washington, DC 20004-2400
Telephone:  (202) 776-2036
Facsimile:  (202) 842-7899

COOLEY LLP
Andrew D. Barr (*Pro hac vice*)
abarr@cooley.com
1144 15th Street, Suite 2300
Denver, CO  80202-2686
Telephone:  (720) 566-4121
Facsimile:  (720) 566-4099

Attorneys for Plaintiffs Delux Public Charter, LLC d/b/a JSX Air and JetSuiteX, Inc.

256585486

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3

REPLY TO OPPOSITION TO COOLEY LLP'S
*EX PARTE* APPLICATION SEEKING TO
WITHDRAW AS COUNSEL