1    AARON C. HARP (CA SBN 190655)
2    aharp@newportbeachca.gov
     CITY ATTORNEY
3    100 Civic Center Drive
     Newport Beach, CA, 92660
4    Tel.: (949) 644-3131
     Fax: (949) 644-3139
5

6    MATTHEW G. ADAMS (CA SBN 229021)        ROBERT K. SALL (CA SBN 83782)
     madams@kaplankirsch.com                 rsall@sallspencer.com
7    STEVEN L. OSIT, *pro hac vice pending*  MICHAEL SALL (CA SBN 287981)
     sosit@kaplankirsch.com                  msall@sallspencer.com
8    KAPLAN KIRSCH & ROCKWELL LLP            SALL SPENCER CALLAS & KRUEGER
     595 Pacific Avenue, 4th Floor           32351 Coast Highway
9    San Francisco, CA 94133                 Laguna Beach, CA 92651
     Tel: (628) 209-4151                     Tel: (949) 499-2942
10   Fax:  (303) 825-7005                    Fax: (949) 499-7403

11
     *Attorneys for City of Newport Beach, California*

12

13                  **UNITED STATES DISTRICT COURT**
          **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

14

15   DELUX PUBLIC                    Case No. 8:20-cv-02344-JLS-KES
     CHARTER, LLC D/B/A JSX
16   AIR and JETSUITEX, INC.,        Honorable Josephine L. Staton

17                 Plaintiffs,       **INTERESTED PARTY CITY OF
                                     NEWPORT BEACH'S *EX PARTE*
18        v.                         APPLICATION TO PARTIALLY LIFT
                                     THE STAY SO AS TO PERMIT THE
19   COUNTY OF ORANGE,               CITY'S INTERVENTION FOR A
     CALIFORNIA, a charter           LIMITED PURPOSE; *EX PARTE*
20   county; BARRY                   APPLICATION FOR LEAVE TO
     RONDINELLA in his official      INTERVENE FOR THE LIMITED
21   capacity as Airport Director of PURPOSE OF BEING HEARD ON
     John Wayne Airport,             AND SUBMITTING A RESPONSE
22                                   AND DECLARATIONS IN SUPPORT
                 Defendants.         OF COOLEY LLP'S APPLICATION
23                                   TO WITHDRAW; AND
                                     MEMORANDUM OF POINTS AND
24                                   AUTHORITIES IN SUPPORT OF THE
                                     CITY'S *EX PARTE* APPLICATION**
25

26

27

28

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Federal Rules of Civil Procedure 24 and 78 and Local Rule ("L.R.") 7-19, Interested Party the CITY OF NEWPORT BEACH, CALIFORNIA (the "City") hereby requests an *ex parte* order (1) partially lifting the Court's stay of this action [ECF No. 83] to permit the City to seek leave to intervene for the limited purpose of being heard on Cooley's Ex Parte Application to Withdraw[1] [ECF No. 75] and submitting a response and declarations in support thereof; and (2) granting leave for the City to intervene for the limited purpose of being heard on Cooley's Application to Withdraw and to submit a response and declarations in support thereof. Pursuant to Fed. R. Civ. P. 24(c), the City attaches the proposed response and declarations in support of Cooley's Application to Withdraw to this Application as Exhibits A through D.[2]

The basis for the City's *ex parte* request is set forth in the memorandum of points and authorities filed herewith, and this request is made without prejudice to the City's right to seek leave to intervene on the merits at such time the stay is lifted, should it then be necessary.

Pursuant to L.R. 7-19.1, notice of this Application was given to the following counsel:

//

//

---

[1] The Court converted Cooley's Ex Parte Application to Withdraw to a regularly noticed motion and set hearing for November 12, 2021, at 10:30 a.m. [ECF No. 83].

[2] For efficiency, the City files herewith the Declarations of Robert Sall (**Exhibit A**), Steven Osit, (**Exhibit B**) and Aaron Harp (**Exhibit C**) to provide facts in support of both this *ex parte* application and its proposed response in support of Cooley's Application to Withdraw (**Exhibit D**).

ii

INTERESTED PARTY CITY OF NEWPORT BEACH'S EX PARTE APPLICATION TO PARTIALLY
LIFT THE STAY SO AS TO PERMIT THE CITY'S INTERVENTION FOR A LIMITED PURPOSE;
EX PARTE APPLICATION FOR LEAVE TO INTERVENE FOR THE LIMITED PURPOSE OF BEING
HEARD ON AND SUBMITTING A RESPONSE AND DECLARATIONS
IN SUPPORT OF COOLEY LLP'S APPLICATION TO WITHDRAW

Matthew A Hodel
mhodel@hodelwilks.com
Hodel Wilks LLP
4 Park Plaza Suite 640
Irvine, CA 92614
949-450-4470

Melissa C. Allison
mallison@andersonkreiger.com
Anderson and Kreiger LLP
50 Milk Street 21st Floor
Boston, MA 02109
617-621-6512

*Counsel for Plaintiffs*

*Counsel for Defendants*

On September 29, 2021, the City's counsel conferred telephonically with Plaintiffs' counsel, Messrs. Bridgford, Artinian and Hodel, regarding the relief sought herein. The position of Plaintiffs' counsel was that Plaintiffs would not stipulate to intervention by the City for the limited purpose of supporting Cooley's Application to Withdraw and reserved all rights to respond to moving papers. Declaration of Robert Sall ("Sall Decl.") ¶ 3 (Exh. A). Additionally, the City's counsel conferred telephonically with Ms. Mooney, Cooley's General Counsel, on September 30, 2021, regarding the relief sought herein. *Id.* ¶ 4. The position of Cooley's General Counsel was that Cooley denies it has any conflict of interest and there is no need for the City to file any papers regarding the firm's Application to Withdraw. *Id.* The City's counsel also conferred telephonically with Ms. Allison on October 5, 2021, regarding the relief sought herein, who advised Defendants Orange County and Barry Rondinella did not then take a position on the relief sought. Declaration of Steven Osit ("Osit Decl.") ¶ 15 (Exh. B).

On October 14, 2021, the City's counsel spoke telephonically with Plaintiffs' counsel, Mr. Hodel, and advised that it would file this Application on October 15, 2021, and Plaintiff would have 24 hours to respond pursuant to L.R. 7-19 and the Court's Procedures. Sall Decl. ¶ 5. Plaintiffs were unable to then take a position on the Application. *Id.* The City's counsel also spoke telephonically with Defendants' counsel, Ms. Allison, and advised that it would

file this Application on October 15, 2021, and Plaintiff would have 24 hours to respond pursuant to L.R. 7-19 and the Court's Procedures. Osit Decl. ¶ 16. Defendants were unable to then take a position on the Application. *Id.* The City's counsel attempted to contact Plaintiff's counsel, Mr. Artinian, and Cooley's general counsel, Ann Mooney, to inform them of this Application but was unable to reach them. The City's counsel left detailed voice messages, asked for a return call, and sent a follow up email to each. Sall Decl. ¶ 5. The City's counsel also sent all counsel appearing in this matter an email describing the Application, including a description of the substance of the Application, making clear that they would have 24 hours to respond to the Application pursuant to applicable rules. Osit Decl. ¶ 17, Exh. B-4.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

INTERESTED PARTY CITY OF NEWPORT BEACH'S EX PARTE APPLICATION TO PARTIALLY LIFT THE STAY SO AS TO PERMIT THE CITY'S INTERVENTION FOR A LIMITED PURPOSE; EX PARTE APPLICATION FOR LEAVE TO INTERVENE FOR THE LIMITED PURPOSE OF BEING HEARD ON AND SUBMITTING A RESPONSE AND DECLARATIONS IN SUPPORT OF COOLEY LLP'S APPLICATION TO WITHDRAW

DATED:  October 15, 2021        Respectfully submitted,

                                By:    */s/ Matthew G. Adams*
                                       Matthew G. Adams

AARON C. HARP                   MATTHEW G. ADAMS
(CA SBN 190655)                 (CA SBN 229021)
aharp@newportbeachca.gov        madams@kaplankirsch.com
CITY ATTORNEY                   STEVEN L. OSIT, *pro hac vice pending*
100 Civic Center Drive          sosit@kaplankirsch.com
Newport Beach, CA, 92660        KAPLAN KIRSCH & ROCKWELL LLP
Tel.: (949) 644-3131            595 Pacific Avenue, 4th Floor
Fax: (949) 644-3139             San Francisco, CA 94133
                                Tel: (415) 807-9707
                                Fax:  (303) 825-7005

                                ROBERT K. SALL (CA SBN 83782)
                                rsall@sallspencer.com
                                MICHAEL SALL (CA SBN 287981)
                                msall@sallspencer.com
                                SALL SPENCER CALLAS &
                                KRUEGER
                                32351 Coast Highway
                                Laguna Beach, CA 92651
                                Phone: (949) 499-2942
                                Fax: (949) 499-7403

                                *Attorneys for Interested Party*
                                *City of Newport Beach, California*

# **TABLE OF CONTENTS**

*EX PARTE* APPLICATION...................................................................................i

**TABLE OF CONTENTS**..........................................................................vi

**TABLE OF AUTHORITIES**................................................................... vii

**MEMORANDUM OF POINTS AND AUTHORITIES**.................................1

**I.    INTRODUCTION** ............................................................................1

**II.   BACKGROUND** ..............................................................................2

**III.  ARGUMENT**...................................................................................7

A.    There is Good Cause to Partially Lift the Stay to Permit the City's Intervention for the Limited Purpose of Being Heard on Cooley's Application to Withdraw and Submitting a Response and Declarations in Support of Cooley's Application ............................................7

B.    The City's Intervention for a Limited Purpose Should be Granted ...............9

    1.    The City May Intervene As A Matter of Right .....................................10

    2.    Alternatively, the City Should Be Granted Permissive Intervention .....................................................................................15

C.    Ex Parte Determination of the City's Application is Appropriate ...............16

**IV.   CONCLUSION** ..............................................................................17

# TABLE OF AUTHORITIES

<u>Cases</u>

*Beltran v. Avon Products, Inc.*, 867 F. Supp. 2d 1068 (C.D. Cal. 2012)................6

*Dorsett v. Sandoz, Inc.*, 699 F. Supp. 2d 1142 (C.D. Cal. 2010) ...........................7

*Flatt v. Superior Court*, 9 Cal. 4th 275 (1994)....................................................12

*Friskit, Inc. v. RealNetworks, Inc.*, No. C 03-05085 WWS,
2007 U.S. Dist. LEXIS 51774 (N.D. Cal. July 5, 2007) ..........................................9

*Johnson v. Cisney*, No. EDCV 17-2059-MWF,
2018 U.S. Dist. LEXIS 239696 (C.D. Cal. May 3, 2018).......................................7

*Martin v. La Luz del Mundo*, No. 2:20-cv-01437-ODW,
2020 U.S. Dist. LEXIS 203493 (C.D. Cal. Sept. 29, 2020)............................9, 11

*Mission Power Eng'g Co. v. Continental Cas. Co.*,
883 F. Supp. 488 (C.D. Cal. 1995)........................................................................16

*Oasis West Realty, LLC. v. Goldman*, 51 Cal. 4th 811 (2001) .............................11

*Ovando v. City of L.A.*, No. CV 99-11629-GAF,
2000 U.S. Dist. LEXIS 21401 (C.D. Cal. Oct. 23, 2000) .......................................7

*In re Silver Wheaton Corp. Secs. Litig.*, No. 2:15-cv-5146-CAS,
2018 U.S. Dist. LEXIS 51933 (C.D. Cal. Mar. 26, 2018) ......................................9

*Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001).........10, 14

*Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326 (9th Cir. 1977) ..............16

*Stiletto Television, Inc. v. Hastings, Clayton & Tucker, Inc.*,
No. CV 18-3911 DSF (PLAx), 2019 U.S. Dist. LEXIS 136635
(C.D. Cal. May 21, 2019)........................................................................................9

*Subbaiah v. Geico Gen. Ins. Co.*, No. 2:19-cv-0617-AB,
2019 U.S. Dist. LEXIS 233036 (C.D. Cal. Dec. 11, 2019) ....................................9

*Trone v. Smith*, 621 F.2d 994 (9th Cir. 1980) .......................................................12

INTERESTED PARTY CITY OF NEWPORT BEACH'S EX PARTE APPLICATION TO PARTIALLY
LIFT THE STAY SO AS TO PERMIT THE CITY'S INTERVENTION FOR A LIMITED PURPOSE;
EX PARTE APPLICATION FOR LEAVE TO INTERVENE FOR THE LIMITED PURPOSE OF BEING
HEARD ON AND SUBMITTING A RESPONSE AND DECLARATIONS
IN SUPPORT OF COOLEY LLP'S APPLICATION TO WITHDRAW

*United States v. Alisal Water Corp.*, 370 F.3d 915 (9th Cir. 2004) ......................10

*United States v. City of Los Angeles*, 288 F.3d 391 (9th Cir. 2002) .....................11

*United States v. Oregon*, 913 F.2d 576 (9th Cir. 1990) .........................................10

*Willick v. Napoli Bern Ripka & Assocs., LLP*, No. CV 15-00652-AB,
2018 U.S. Dist. LEXIS 227821 (C.D. Cal. Mar. 23, 2018) ....................................7

*Wutchumna Water Co. v. Bailey*, 216 Cal. 564 (1932) .........................................12

Rules

Federal Rule of Civil Procedure 24 .................................................... ii, 10, 14, 15

Federal Rule of Civil Procedure 78 ................................................................... ii

C.D. Cal. Local Rule 7-9 .....................................................................10, 16

C.D. Cal. Local Rule 7-10 ...................................................................10, 16

C.D. Cal. Local Rule 7-19 ................................................................... ii, iv

C.D. Cal. Local Rule 83-3.1.2 .....................................................................12

Cal. Rule of Professional Conduct 1.7 ...............................................................15

Cal. Rule of Professional Conduct 1.9 .........................................................12, 14

Cal. Rule of Professional Conduct 1.10 ...............................................................6

Cal. Rule of Professional Conduct 1.16 .........................................................14, 15

Other Authorities

Cal. State Bar Formal Opn. 2011-182 ................................................................14

INTERESTED PARTY CITY OF NEWPORT BEACH'S EX PARTE APPLICATION TO PARTIALLY
LIFT THE STAY SO AS TO PERMIT THE CITY'S INTERVENTION FOR A LIMITED PURPOSE;
EX PARTE APPLICATION FOR LEAVE TO INTERVENE FOR THE LIMITED PURPOSE OF BEING
HEARD ON AND SUBMITTING A RESPONSE AND DECLARATIONS
IN SUPPORT OF COOLEY LLP'S APPLICATION TO WITHDRAW

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Interested Party the City of Newport Beach ("City") respectfully requests the Court issue an *ex parte* order partially lifting its stay to permit the City to intervene for the limited purpose of being heard on the question of Cooley LLP's Application to Withdraw as counsel for Plaintiffs Delux Public Charter, LLC d/b/a JSX Air and JetSuiteX, Inc. (collectively, "JSX") [ECF No. 75], and to submit a response and declarations in support of Cooley's Application to Withdraw (attached as **Exhibits A through D**).

The City has tailored the relief requested herein to avoid any unnecessary disruption of the proceedings at this time.  The Court will be considering Cooley's pending Application to Withdraw, presently set for hearing on November 12, 2021, at 10:30 a.m.  The City is a former client of Cooley and has asserted that Cooley has an ethical conflict which requires its withdrawal or disqualification. While both Cooley and JSX *deny* the existence of the conflict asserted by the City, JSX has asked the Court to find affirmatively that no such conflict exists [ECF No. 77 at 2].  The City, as the affected former client, should be heard so that the Court may be fully informed as to the conflict of interest that not only *does* exist but which also *mandates* Cooley's withdrawal.

As discussed below, the current procedural posture of this case prevents the City from seeking additional relief which may be necessary when the stay is fully lifted, including seeking leave to intervene on the merits and to move for dismissal the First Amendment Complaint ("FAC").  The City reserves the right to make these motions at the appropriate time.

//

//

//

## II.   BACKGROUND

For over thirty-five years, the County of Orange's (the "County") management and operation of the John Wayne Airport ("JWA" or the "Airport") has been subject to the stipulated final judgment of this Court (the "1985 Settlement Agreement"), which put an end to litigation between the City and the County, among other parties, regarding operations at the Airport, the expansion of the Airport as well as associated noise impacts.  Declaration of Aaron Harp ("Harp Decl.") ¶ 4 (Exh. C). The 1985 Settlement Agreement established a comprehensive set of protocols and restrictions governing the County's operation and future expansion of the Airport, which the County implements through the *Phase 2 Commercial Airline Access Plan and Regulation* (the "Access Plan").  *Id*.  The County's continued enforcement of the 1985 Settlement Agreement through the Access Plan is of critical importance to the City in mitigating the environmental impacts of the Airport.  *Id.*

On June 20, 2019, the City entered into a legal services agreement with Cooley LLP to advise the City on matters relating to the Airport.  *Id.* ¶ 6.  Through October 1, 2020, Cooley, through lead counsel Mr. William O'Connor, rendered legal advice under this Agreement to the City on several topics relevant to the present litigation, including:

- The presence and operation of Fixed Base Operators[3] ("FBOs") at the Airport;

- The 1985 Settlement Agreement and Access Plan;

- The FBO leases at the Airport and associated Request for Proposals ("RFP"), including specifically the leases considered and approved by the County

---

[3] An FBO is a business that provides certain aeronautical services to the public, including aircraft fueling, parking, hangaring, maintenance, and other services.

MEMORANDUM OF POINTS AND AUTHORITIES

at the September 15, 2020, Board of Supervisors meeting (i.e., the very leases at issue in this litigation); and

- The applicability and impact of the Airport Noise and Capacity Act of 1990 ("ANCA") and federal grant assurances on the City's interests, including on the 1985 Settlement Agreement and the City's rights thereunder. *Id.* ¶ 11.[4]

As part of Cooley's representation of the City, Cooley received confidential information from the City pertaining to these issues, including specifically the RFP and the FBO leases. *Id.* ¶ 9. These materials were provided to Cooley in June and August of 2019 (*Id.* ¶ 9–10), at or around the same time that Cooley began working for JSX "on matters relevant to this litigation." [ECF No. 77 at 7:17-19]. At no time prior to September 10, 2020, did Cooley inform the City that it had a conflict due to its representation of JSX. Harp Decl. ¶ 13.

Cooley abruptly terminated its representation of the City on October 1, 2020. *Id.* ¶ 16.

JSX commenced this action on December 14, 2020, represented by Mr. O'Connor. [ECF No. 1]. JSX's *initial* complaint sought to invalidate a provision in the County's leases with its FBOs which allegedly prevented JSX from obtaining "reasonable accommodation" at the Airport. Initial Compl. ¶ 12 [ECF No. 1]. The Court enjoined the County from enforcing that lease provision [ECF No. 25], and the County subsequently amended its leases with its FBOs to remove that lease provision. FAC ¶ 19 [ECF No. 60].

On June 17, 2021, JSX filed its FAC. *Id.* The FAC alleges that the Access

---

[4] By identifying the subject matter of Cooley's legal representation and the nature of its work for the City, the City does not intend to waive attorney-client privilege between Cooley and the City. This general information is provided only to inform the Court of the subject matter of Cooley's representation and the substantial relationship between these subjects and this litigation. Harp Decl. ¶ 7.

Plan implementing the 1985 Settlement Agreement is invalid under federal law, seeks permanent injunctive relief prohibiting the County from enforcing the Access Plan, and seeks a declaration that the Access Plan is "invalid and rendered nugatory." *Id.* ¶¶ 170, 175, 189, 191, 207–08, 211–13, 220–23, 231, 247. The FAC also expressly attacks the passenger allocation provisions of the Access Plan, which originate in the 1985 Settlement Agreement. *Id.* ¶ 191. The FAC also makes allegations regarding the conduct of the City that were not in the original complaint, including that "[T]he City of Newport Beach was actively involved in the County's decision to enact the illegal Lease Restriction" and that the City "was reviewing draft lease terms and suggesting changes to the terms." *Id.* ¶ 136; *see also* ¶¶ 137 & 177.

On June 18, 2021, Mr. Aaron Harp, the City Attorney, contacted Mr. O'Connor of Cooley LLP, expressing concern that the FAC stated a broad challenge to the Access Plan. Harp Decl. ¶ 17. In subsequent correspondence, Mr. Harp raised the possibility of a conflict of interest in Cooley's representation of JSX if JSX were broadly challenging the Access Plan. *Id.* Mr. Harp met telephonically with Mr. O'Connor and JSX's general counsel, Mr. Raymond Moss, on June 23, 2021 to discuss the City's need to potentially intervene, and to avoid such intervention if possible. *Id.* The City was not able to resolve that issue and the Newport Beach City Council authorized Mr. Harp to intervene in this action on July 13, 2021. *Id.* ¶¶ 17, 19.

On July 30, 2021, outside counsel for the City wrote to Cooley to demand that it cease its conflicted representation of JSX. Sall Decl. ¶ 6 & Exh. A-1. On August 3, 2021, outside counsel for the City again wrote to Cooley, demanding that it withdraw a subpoena served on the City, *see* Harp Decl. ¶ 20 & Exh. C-1, because the pursuit of discovery against the City was a conflict of interest. Sall Decl. ¶ 6 & Exh. A-2. On August 20, 2021, Cooley responded denying the

existence of a conflict. *Id.* ¶ 7.

On August 10, 2021, Mr. O'Connor contacted Mr. Harp with a proposal to "clarify" the FAC to "to make clear that JSX is not challenging the Access Plan in its entirety as described above."  Osit Decl. ¶ 2, Exh. B-1.  The City's counsel engaged in telephonic discussions with Mr. O'Connor and Mr. Moss on August 20, 2021, and again on August 24, 2021, regarding JSX's proposal.  Osit Decl. ¶ 5–6.  On September 7, 2021, the City advised JSX that it would accept JSX's proposal and agree not to intervene in the action if JSX sought and obtained leave to further amend its complaint.  *Id.* ¶ 8.

But JSX did not respond.  *Id.*  Instead, on September 8, 2021, Cooley filed an *ex parte* application to withdraw as counsel for JSX.  [ECF No. 75].  Cooley's application noted the City's belief that Cooley has a conflict of interest due to the firm's prior representation of the City, but also claimed (falsely) the "City's allegations are meritless" and sought withdrawal on other grounds.  [ECF No. 75-1 at 3].  JSX opposed Cooley's motion to withdraw, urging the Court to "[c]onduct fact-finding . . . and, if necessary, an in-camera review . . . [to] ascertain[] whether the City of Newport Beach, in a litigation of important public interest, is acting in bad faith by making false accusations of a conflict of interest" and to stay the litigation until that issue was resolved.  [ECF No. 77 at 2].

On September 10, 2021, the City attempted to continue the conference of counsel regarding the City's potential intervention and JSX's proposal to further amend its complaint.  Osit Decl. ¶ 9.  Mr. Michael Artinian responded on September 14, 2021, that the parties had filed a joint stipulation to modify the scheduling order [ECF No. 79] and that he would be in touch once he "got up to speed."  Osit Decl. ¶ 10.  Mr. Artinian did not indicate whether JSX remained willing to amend its complaint in order to avoid the City's intervention.  *Id.*

The Court converted Cooley's *ex parte* application to withdraw to a noticed

motion and stayed this action by order dated September 20, 2021. [ECF No. 83].

On September 22, 2021, the City again attempted to continue the conference of counsel regarding the City's potential intervention.  Osit Decl. ¶ 11.  The City also stated its intention to respond to Cooley's motion to withdraw and/or seek the disqualification of both Cooley and Bridgford Gleason & Artinian ("BGA").[5]  *Id.* ¶ 11, Exh. B-2.  Mr. Artinian responded that the Court has stayed the action, but did not respond to the City's request to continue the conference of counsel regarding the City's potential intervention.  *Id.* ¶ 12.  Mr. Artinian "reserve[d] all rights" regarding City's intention to support Cooley's application to withdraw and did not respond at all to the City's intention to seek disqualification of either Cooley or BGA.  *Id.*

On September 23, 2021, the City attempted to continue the conference of counsel one final time.  *Id.* ¶ 13.  Mr. Artinian responded on September 28, 2021, demanding the City advise whether it would move to disqualify BGA, and refusing to renew discussions regarding the City's intervention until that issue was resolved and the stay was lifted.  *Id.* ¶ 14, Exh. B-3.

The City met telephonically on September 29 and September 30, 2021, with counsel for JSX and Cooley, respectively, regarding the relief sought herein.  Sall Decl. ¶ 3–4.  The City also met telephonically with counsel for JSX and the County on October 14, 2021, to provide notice of this *ex parte* application pursuant to L.R. 7-19.1 and made reasonable attempts to contact Cooley's general counsel.  Sall Decl. ¶ 5; Osit Decl. ¶ 16–17.

*//*

---

[5] Cooley's conflict of interest is imputed to its co-counsel Rule 1.10(a), *Beltran v. Avon Products, Inc*., 867 F. Supp. 2d 1068, 1084 (C.D. Cal. 2012) and related case authorities.  The City reserves the right to seek disqualification of BGA after the stay has been lifted.

## III.  ARGUMENT

### A.  There is Good Cause to Partially Lift the Stay to Permit the City's Intervention for the Limited Purpose of Being Heard on Cooley's Application to Withdraw and Submitting a Response and Declarations in Support of Cooley's Application

The Court should partially lift the stay in order to permit the City to seek intervention for the limited purpose of being heard on Cooley's Application to Withdraw and submitting a response and declarations in support of Cooley's Application because there is good cause and it would not prejudice any party.

The Court has authority to lift the stay in order to grant the relief requested herein.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket . . . ."  *Willick v. Napoli Bern Ripka & Assocs., LLP*, No. CV 15-00652-AB, 2018 U.S. Dist. LEXIS 227821, at *9 (C.D. Cal. Mar. 23, 2018) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  And the "same court that imposes a stay of litigation has the inherent power and discretion to lift the stay."  *Id.* at *10.

Courts partially or temporarily lift a stay when "the court's reasons for imposing the stay no longer exist or are inappropriate."  *Johnson v. Cisney*, No. EDCV 17-2059-MWF, 2018 U.S. Dist. LEXIS 239696, at *8 (C.D. Cal. May 3, 2018) (cleaned up).  Accordingly, courts in this district have temporarily or partially lifted stays in a variety of circumstances.  *See, e.g., Willick*, 2018 U.S. Dist. LEXIS 227821 at *10 (temporarily lifting stay of action to permit plaintiff to amend complaint); *Dorsett v. Sandoz, Inc.*, 699 F. Supp. 2d 1142, 1144 (C.D. Cal. 2010) (describing grant of motion to temporarily lift stay to add defendant); *Ovando v. City of L.A.*, No. CV 99-11629-GAF, 2000 U.S. Dist. LEXIS 21401, at *4 (C.D. Cal. Oct. 23, 2000) (partially lifting stay of proceedings to permit service of summons and complaint).

Here, good cause exists to partially lift the stay because the City would

MEMORANDUM OF POINTS AND AUTHORITIES

otherwise be precluded from begin heard on Cooley's application to withdraw and from submitting a response and declarations in support thereof.  As detailed below, the City has a substantial interest in ensuring the Court is fully apprised as to the circumstances of Cooley's prior representation of the City and in the Court's resolution of Cooley's application.  Moreover, the Court imposed the stay at JSX's request so that the Court could determine whether Cooley has grounds that justify its withdrawal.  *See* ECF No. 83 at 2.  The City seeks to lift the stay for a limited purpose in order to provide the Court with facts and argument in aid of that determination pertaining to Cooley's former representation of the City and its conflict,  which establish that Cooley's withdrawal is *mandatory* under the Rules of Professional Conduct.  The City's request not only does not impinge on the Court's reasons for imposing the stay, but rather supports the Court's reasons for granting the stay in the first place.

Partially lifting the stay for this purpose would also not cause prejudice to any party.  With respect to Cooley's application to withdraw, all parties are adequately represented by counsel.  There is no need for Cooley's application to withdraw to first be determined in order for each party to adequately protect their interests with respect to the relief requested herein.

Indeed, the City has deliberately tailored the relief requested herein to avoid unnecessary disruption of these proceedings while the action is stayed.  The City's understanding is that JSX is unwilling to continue its discussions regarding the City's potential intervention on the merits while the action remains stayed and, further, that JSX is effectively unrepresented by specialized aviation counsel.  The City remains hopeful that it will reach an agreement with JSX that obviates its need to intervene on the merits; however, the City also appreciates JSX position that it is unable to reach such an agreement and/or adequately respond to a motion for leave to intervene on the merits under the present circumstances.  Accordingly,

the City is *not* seeking leave to intervene on the merits at this time, but does not waive the right to do so, if necessary, once Cooley's motion to withdraw is resolved and the stay is presumably lifted.  The City is asking the Court for limited relief *only* to allow it to participate for purposes of the upcoming hearing on November 12, 2021, regarding Cooley's motion to withdraw.

Therefore, the stay should be partially lifted to permit the City to intervene for the limited purpose of allowing the City to submit a response and declarations in support of Cooley's Application to Withdraw, and to be heard in connection therewith.

**B.    The City's Intervention for a Limited Purpose Should be Granted**

The City should be granted leave to intervene for the limited purpose of being heard on Cooley's Application to Withdraw and to submit a response and declarations in support thereof.  As explained herein, the City supports Cooley's motion to withdraw for *different* reasons than those stated in Cooley's Application.

Initially, it is well established that the Court may permit intervention for a limited purpose, short of intervention on the merits.  *See*, *e.g.*, *Martin v. La Luz del Mundo*, No. 2:20-cv-01437-ODW, 2020 U.S. Dist. LEXIS 203493 (C.D. Cal. Sept. 29, 2020) (permitting intervention by the State of California to request a stay in civil discovery pending the completion of a criminal investigation); *Subbaiah v. Geico Gen. Ins. Co.*, No. 2:19-cv-0617-AB, 2019 U.S. Dist. LEXIS 233036 (C.D. Cal. Dec. 11, 2019) (permitting intervention by plaintiffs in another action to seek transfer of the action or dismissal); *In re Silver Wheaton Corp. Secs. Litig.*, No. 2:15-cv-5146-CAS, 2018 U.S. Dist. LEXIS 51933 (C.D. Cal. Mar. 26, 2018) (permitting intervention to allow non-party to oppose plaintiff's motion to amend the complaint); *Friskit, Inc. v. RealNetworks, Inc.*, No. C 03-05085 WWS, 2007 U.S. Dist. LEXIS 51774 (N.D. Cal. July 5, 2007) (allowing third-party to intervene for the limited purposing of bringing a motion to disqualify counsel); *Stiletto*

*Television, Inc. v. Hastings, Clayton & Tucker, Inc.*, No. CV 18-3911 DSF (PLAx), 2019 U.S. Dist. LEXIS 136635 (C.D. Cal. May 21, 2019) (granting motion to disqualify counsel brought by intervenor for that limited purpose).

Here, the City easily satisfies the requirements to intervene for a limited purpose under Fed. R. Civ. P. 24(a) or, in the alternative, Fed. R. Civ. P. 24(b).

### 1. The City May Intervene As A Matter of Right

Federal Rule of Civil Procedure 24(a)(2) sets out four requirements for intervention as of right: (1) an application to intervene must be timely; (2) the applicant must claim "an interest relating to the property or transaction that is the subject of the action"; (3) the applicant must be situated such that disposing of the action in its absence "may as a practical matter impair or impede the movant's ability to protect its interest"; and (4) the applicant must show that its interests are not adequately represented by existing parties. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). This standard is applied liberally in favor of intervention, and all non-conclusory allegations in the movant's application, supporting declarations, and proposed answer must be accepted as true absent "sham, frivolity, or other objection." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

#### i. The City's Application is Timely

The Court considers three factors in determining whether a motion to intervene is timely: "the stage of the proceeding, prejudice to other parties, and the reason for and length of the delay." *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990). First, by order dated September 20, the Court scheduled Cooley's motion for hearing on November 12, 2021, at 10:30 a.m., and directed Cooley to submit an *in camera* declaration before the hearing. The Court has not yet ruled on the issue of Cooley's conflict of interest or other grounds for withdrawal. The City seeks to submit its response and declarations in support of Cooley's

Application to Withdraw within the timeline specified by L.R. 7-9.  And there is adequate time for Cooley to respond to the City's arguments under L.R. 7-10

Second, "the only prejudice that is relevant under this factor 'is that which flows from a prospective intervenor's failure to intervene after he knew, or reasonably should have known, that his interests were not being adequately represented.'" *Martin*, 2020 U.S. Dist. LEXIS 203493 at *6–7 (quoting *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir. 2016)).  The City identified Cooley's conflict of interest shortly after JSX filed its FAC and has diligently attempted to resolve that conflict with Cooley and JSX ever since.  In opposing Cooley's application to withdraw, however, JSX made the fact of Cooley's conflict of interest an urgent,  material issue in this proceeding.  The City thereafter proceeded as expeditiously as possible to submit this Application for the Court's consideration.

   ii.   *The City Has Significant Protectable Interests Relating to Cooley's Application*

Rule 24(a)'s "protectable interest" requirement is liberally construed, and serves primarily as "a practical guide to . . . involving as many apparently concerned persons as is compatible with efficiency and due process."  *United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002).  "An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims."  *City of Los Angeles*, 288 F.3d at 398 (citing *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)).

For the purposes of this limited intervention request, it is more than enough that the City has a protected interest in Cooley's duty of confidentiality and residual duty of loyalty owed to the City. *See Oasis West Realty, LLC. v. Goldman*,

51 Cal. 4th 811, 821 (2001); *Wutchumna Water Co. v. Bailey*, 216 Cal. 564, 573–74 (1932).   "[A]n attorney is forbidden to do either of two things after severing his relationship with a former client.  He may not do anything which will injuriously affect his former client in any matter in which he formerly represented him nor may he at any time use against his former client knowledge or information acquired by virtue of the previous relationship." *Wutchumna Water Co.*, 216 Cal. at 573–74.  Moreover, an attorney may not represent a person "in the same or substantially related matter"[6] as a former client where the person's interests are materially adverse to the interests of the former client without informed written consent from the former client. Cal. Rule of Prof. Conduct 1.9(a).[7]   Where an attorney engages in an adverse successive representation, the attorney jeopardizes client confidentiality. *Flatt v. Superior Court*, 9 Cal. 4th 275, 243 (1994).

Cooley's representation of JSX is in violation of its duty of confidentiality and its residual duty of loyalty to the City because Cooley's representation of the City was on a substantially related matter.  Cooley, and Mr. O'Connor specifically, rendered legal advice to the City from June of 2019 through October 1, 2020 on the following general subjects:

---

[6] The purpose of the "substantial relationship" test is to allow the Court to assess the existence of a disqualifying conflict *without requiring disclosure of the actual confidential information involved*. *See Flatt v. Superior Court*, 9 Cal. 4th 275, 283 (1994); *Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980). Once the substantial relationship is established, access to confidential information by the attorney is *presumed*, disqualification is *mandatory*, and the disqualification extends to the entire firm. *Flatt*, 9 Cal. 4th at 283. The City is specifically *not* revealing the details of the confidences given to Cooley, or the advice received from Cooley, in order to preserve both the attorney-client privilege and to preserve its right to confidentiality.

[7] The California Rules govern the conduct of attorneys before this Court. L.R. 83-3.1.2.

---

MEMORANDUM OF POINTS AND AUTHORITIES

- The presence and operation of FBOs at JWA;

- The 1985 Settlement Agreement and Access Plan;

- The FBO leases at the Airport and associated RFP, including specifically the leases considered and approved by the County at the September 15, 2020 Board of Supervisors meeting (i.e., the very leases at issue in this litigation).

- The applicability and impact of ANCA and federal grant assurances on the City's interests, including on the 1985 Settlement Agreement and the City's rights thereunder (*i.e.*, the very authorities JSX claims invalidate the Access Plan). Harp Decl. ¶ 11.

As part of Cooley's representation, Cooley received confidential information from the City pertaining to these issues, including the RFP and the FBO leases, as well as privileged attorney client communications between the City Attorney and City officials. *Id.* ¶ 9–10. These specific materials were provided to Cooley in August of 2019 (*Id.*), at or around the same time that Cooley began working for JSX "on matters relevant to this litigation." (ECF No. 77 at 7:17-19). Given the timing, the City strongly suspects Cooley was performing similar work for the City and JSX in August of 2019 pertaining to the RFP and the FBO leases.

The "substantial relationship" between this litigation and Cooley's prior representation of the City, given JSX's broad attacks on the Access Plan and allegations regarding the City's conduct (*see*, *e.g.*, ECF No. 60 ¶¶ 136–137, 170, 175, 189, 191, & 211–213), gives rise to an immediate and substantial concern that Cooley's on-going representation imperils the revelation of confidential information of the City. Indeed, JSX has served a subpoena on the City in this action – signed by Mr. O'Connor himself – which facially seeks privileged and confidential documents provided to Cooley by the City as part of Cooley's legal

representation.[8]  Harp Decl. ¶ 20 & Exh. C-1).  Cooley's representation of JSX is causing on-going injury to the City by subjecting it to discovery from its former counsel on the subject of counsel's former representation, and by having its former counsel attack the City's legal rights under the Settlement – the very rights on which former counsel was advising the City.

### iii.     Disposition of Cooley's Application May Impair the City's Interests

The third element of the standard for intervention as of right requires that "disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest." Fed R. Civ. P. 24(a)(2).  When applying this test, courts follow guidance from the Advisory Committee on Rules of Civil Procedure: "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *See Sw. Ctr. for Biological Diversity*, 268 F.3d at 822.

While both Cooley and JSX *deny* the existence of the conflict asserted by the City, JSX has asked the Court to find affirmatively that no such conflict exists [ECF No. 77 at 2].  No adjudication of that issue may be fairly had without the presence of the party claiming the conflict.  Moreover, Cooley's breach of its ethical duties to the City – specifically its violation of Rule 1.9(a) – is impairing the City's interests on an on-going basis. *See* Cal. R. of Prof. Conduct 1.16(a)(2). Accordingly, the City's participation is warranted.

---

[8] Even if the FAC did not attack the City's rights under the Settlement and related Access Plan, the pursuit of this discovery, alone, would give rise to a disqualifying conflict of interest and a legally-cognizable interest of the City in Cooley's motion to withdraw. In California, the pursuit of discovery against a former client on matters substantially related to the prior representation is ethically prohibited. *See, e.g.*, Cal. State Bar Formal Opn. 2011-182 at *3 (discussing discovery sought from current client, but with reasoning applying equally to former client).

*iv.    The City Is Not Adequately Represented By Other Parties*

Finally, the City's interest in Cooley's application to withdraw is not adequately represented by any other party to this proceeding.  Both Cooley and JSX claim that Cooley does *not* have a conflict of interest due to its prior representation of the City, and the County has no knowledge of the extent of Cooley's prior representation.  The City may be the *only* party interested in and capable of presenting the Court with argument and facts giving rise to Cooley's conflict of interest under Cal. Rule of Professional Conduct 1.9, and the mandatory nature of its withdrawal under Rule 1.16(a)(2).[9]

2.    <u>Alternatively, the City Should Be Granted Permissive Intervention</u>

Even if this Court were to conclude the City does not satisfy the requirements to intervene for a limited purpose as a matter of right, the City should be granted permissive intervention pursuant to Rule 24(b).  That Rule provides that the Court "may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact . . ."  Fed. R. Civ. P. 24(b)(1).  It also instructs that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

The City's application satisfies these standards.  First, the City's application is timely.  The Court stayed this proceeding and set a hearing date of November 12, 2021, on September 20, 2021.  Second, the City seeks to submit a response and declarations in support of Cooley's motion to withdraw due to existence of a conflict of interest that is disputed by both Cooley and JSX; its claims clearly raise questions of law and fact in common with those already before the Court.  And

---

[9] While the City also believes that there now exists a conflict of interest between Cooley's self-interest and JSX, under Cal. Rule of Professional Conduct 1.7(b), presumably Cooley will address this issue in its own filings.

MEMORANDUM OF POINTS AND AUTHORITIES

third, permitting intervention for this limited purpose will not prejudice the parties in any way, much less "unduly." The Court has already ordered a hearing on Cooley's application to withdraw and for it to submit an *in camera* declaration; the City merely seeks to submit a response and supporting declarations to ensure the Court has an adequate record upon which to decide whether Cooley should be permitted to withdraw. The City's submission in support of Cooley's motion would be timely under L.R. 7-9, and would afford Cooley adequate time to respond under L.R. 7-10, if it chooses to do so.

In considering permissive intervention, the Court may also consider "whether the parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Spangler v. Pasadena City Bd. of Educ.,* 552 F.2d 1326, 1329 (9th Cir. 1977). Here, this factor weighs heavily in favor of limited intervention. Cooley has a clear conflict of interest as a result of its prior representation of the City. But, because Cooley disputes that conflict, the City is the *only* party that can provide the Court with necessary information to evaluate it.

## C.    Ex Parte Determination of the City's Application is Appropriate

*Ex parte* consideration of the foregoing application is appropriate because (1) the City may be irreparably injured if its application were heard according to regular noticed motion procedures; and (2) the City is without fault in creating the crisis requiring ex parte relief. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

As to the first element, the Court scheduled a hearing on Cooley's application to withdraw for November 12, 2021, and ordered Cooley to submit an *in camera* declaration as to the he "multiple professional considerations that

MEMORANDUM OF POINTS AND AUTHORITIES

necessitate its withdrawal." [ECF No. 83].  If the City pursued the relief requested herein according to regular noticed motion procedures, it could not be authorized to submit a response and declarations in support of Cooley's application until long after the issue had been decided.[10]  As noted above, the City has a substantial interest in presenting facts demonstrating Cooley's conflict of interest and in the Court's resolution thereof.

As to the second element, the City did not create the circumstances requiring *ex parte* relief.  Immediately upon becoming aware that the FAC implicated its interest in the Settlement Agreement and Access Plan, the City has engaged and has remained engaged in discussions with Cooley regarding its conflict of interest. Cooley's withdrawal from this litigation would resolve its conflict of interest as to the City, notwithstanding its denial that such a conflict exists.  But JSX's opposition to Cooley's motion has caused the crisis requiring *ex parte* relief.  JSX has denied that Cooley has a conflict of interest with the City and moreover accuses the City of "acting in bad faith by making false accusations of a conflict of interest." [ECF No. 77 at 2].  The City must be permitted to respond to that allegation and present evidence demonstrating Cooley's conflict of interest as to the City.  And it can only do so through *ex parte* relief.

## IV.  CONCLUSION

For all of the reasons stated herein, the Court should grant the City's application, partially lift the stay, and permit the City to submit the attached response and declarations in support of Cooley's Application to Withdraw and participate through counsel in the hearing set for November 12, 2021, on Cooley's application to withdraw, without prejudice to the City's right to seek further appropriate relief upon the complete dissolution of the stay.

---

[10] As of the date of this filing, the next available motion day is April 8, 2022.

1    DATED: October 15, 2021        Respectfully submitted,

2

3                                   By:    */s/ Matthew G. Adams*
                                           Matthew G. Adams
4

5    AARON C. HARP                  MATTHEW G. ADAMS
     (CA SBN 190655)                (CA SBN 229021)
6    aharp@newportbeachca.gov       madams@kaplankirsch.com
     CITY ATTORNEY                  STEVEN L. OSIT, *pro hac vice pending*
7    100 Civic Center Drive         sosit@kaplankirsch.com
     Newport Beach, CA, 92660       KAPLAN KIRSCH & ROCKWELL LLP
8    Tel.: (949) 644-3131           595 Pacific Avenue, 4th Floor
9    Fax: (949) 644-3139            San Francisco, CA 94133
                                    Tel: (628) 209-4151
10                                  Fax:  (303) 825-7005

11

12                                  ROBERT K. SALL (CA SBN 83782)
                                    rsall@sallspencer.com
13                                  MICHAEL SALL (CA SBN287981)
                                    msall@sallspencer.com
14                                  SALL SPENCER CALLAS &
15                                  KRUEGER
                                    32351 Coast Highway
16                                  Laguna Beach, CA 92651
                                    Phone: (949) 499-2942
17                                  Fax: (949) 499-7403
18

19                                  *Attorneys for Interested Party*
20                                  *City of Newport Beach, California*

21

22

23

24

25

26

27

28