**REDACTED ORDER**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  8:20-cv-02344-JLS-KES                                                        Date: November 22, 2021
Title:  Delux Public Charter, LLC et al v. County of Orange, California et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                                Not Present

**PROCEEDINGS:**   (IN CHAMBERS)  **ORDER GRANTING COOLEY LLP'S MOTION TO WITHDRAW AS COUNSEL OF RECORD (Doc. 75)**

Before the Court is Cooley LLP's Motion to Withdraw as Counsel of Record ("Motion") (Mot., Doc. 75.)  Plaintiffs Delux Public Charter, LLC d/b/a JSX Air and JetSuiteX, Inc. ("JSX") opposed, and Cooley replied.  (Opp., Doc. 77; Replies, Docs. 78, 96.)  Having considered the parties' briefs and underlying evidence, and having held oral argument, the Court now GRANTS Cooley's Motion.

### I.     BACKGROUND

While Cooley and JSX have submitted numerous declarations[1] that reflect a conflicting view of the events leading up to the Motion, the Court finds that the following facts fairly summarize the relevant timeline.  JSX filed this action in December 2020 challenging the legitimacy of certain lease restrictions and other actions by the County of

---

[1] While some of the declarations are labeled "in-camera," Cooley and JSX have exchanged these declarations between each other (*see e.g.*, Docs. 97, 98, 100); and are aware of their contents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-02344-JLS-KES  Date: November 22, 2021
Title: Delux Public Charter, LLC et al v. County of Orange, California et al

Orange that affected JSX's right to access John Wayne Airport. (Complaint, Doc. 1.) From the outset of this case, JSX has been represented by Cooley. (*Id.*) In June 2021, however, the City of Newport Beach, a non-party, asserted that Cooley's prior representation of the City might create a conflict of interest with Cooley's representation of JSX in this matter. (*See*, *e.g.*, Amended In-Camera Declaration of William V. O'Connor ("O'Connor Amended In-Camera Decl.") ¶ 10.) The City's position became more aggressive over time, and on July 30, 2021, the City sent Cooley a letter alleging an actual conflict of interest and demanding Cooley withdraw from representing JSX. (*Id.* ¶¶ 10-11.)

On August 19, 2021, Cooley discussed with JSX's outside general counsel, Mr. Raymond Moss, the need for a waiver of the potential conflict, and advised that Cooley could not continue to represent JSX in this matter without a waiver. (*Id.* ¶ 12.) Moss requested that the letter be sent to him rather than JSX, and Cooley sent him the letter that day, explaining the nature of the alleged conflict and the need for a waiver. (*Id.*; Ex. B (August 19, 2021 Letter from J. Parker Erkmann to Mr. Alex Wilcox ("August 19, 2021 Letter")) to O'Connor Amended In-Camera Decl.) The letter also "strongly recommend[ed] that [JSX] discuss this issue, as well as the overall conflict arising from the City's conflict allegations, with independent counsel before deciding whether [they] would like to have Cooley continue to represent JSX." (Ex. B (August 19, 2021 Letter) to O'Connor Amended In-Camera Decl.)

On August 24, 2021, Cooley sent a follow up email, and having received no response to the August 26, 2021 letter, Cooley sent another letter, this one directly to Moss. (O'Connor Amended In-Camera Decl. ¶¶ 14, 16; In-Camera Declaration of Raymond Moss ("Moss In-Camera Decl.") ¶ 22; Ex. C (August 26, 2021 Letter from William V. O'Connor to Raymond L. Moss ("August 26, 2021 Letter")) to O'Connor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02344-JLS-KES                                        Date: November 22, 2021
Title:  Delux Public Charter, LLC et al v. County of Orange, California et al

Amended In-Camera Decl.)[2]  In the letter, among other things, Cooley reminds JSX that it cannot continue to represent JSX without a conflict waiver, notes that JSX is not obligated to waive the potential conflict, and tells JSX that "if we do not receive any written waiver by the end of the day tomorrow, we will begin the process of transitioning our work on these matters."  (Ex. C (August 26, 2021 Letter) to O'Connor Amended In-Camera Decl.)

Still having heard nothing, on August 30, 2021, a Cooley lawyer texted Alex Wilcox, JSX's CFO, while Wilcox was out of the country ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  (In-Camera Declaration of Alex Wilcox ("Wilcox In-Camera Decl.") ¶ 18.)  The two later had an audio conversation.  (*Id.* ¶¶ 18-21.)  The Cooley lawyer said he needed Wilcox's attention as to signing the conflict waiver letter.  (*Id.* ¶ 21; Supplemental In-Camera Declaration of J. Parker Erkmann ¶ 7.)  Wilcox explained his circumstances and said he would address it upon his return to the country that Friday.  (Wilcox In-Camera Decl. ¶ 21.)  Later that day, the Cooley lawyer emailed Wilcox and stated that Cooley had "reached the point where we cannot do any more work for JSX and have to withdraw from our representation."  (*Id.* ¶ 22.)  In response, Wilcox requested Cooley call him, and does not dispute that he made "disparaging and threatening comments" during the call because of Cooley's decision to withdraw.  (*Id.* ¶¶ 25-34.)  On September 2, 2021, Cooley, Moss, and JSX's counsel, Matthew Hodel—retained as counsel to advise JSX as to issues relating to Cooley's withdrawal—participated in a telephone call in which Cooley made clear that it would no longer accept a conflict waiver and intended to withdraw.  (*See, e.g.*, O'Connor Amended In-Camera Decl. ¶ 21.)

---

[2] Moss asserts that he requested information pertinent to the waiver request and the underlying case prior to August 26, 2021.  (*See* Moss In-Camera Decl. ¶ 22 ("After August 19 and prior to August 30, 2021, I asked the Cooley firm for additional information pertinent to the letter . . . . I have emails with the firm dated August 25 and August 27, 2021, discussing information which was relevant to me not only for the merits of the case but for the purpose of understanding the implications of the conflict allegations.").)

<span style="color:red">**REDACTED ORDER**</span>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-02344-JLS-KES                        Date: November 22, 2021
Title: Delux Public Charter, LLC et al v. County of Orange, California et al

      On September 8, 2021, Cooley filed an ex parte application seeking to withdraw as counsel of record for JSX.[3] The Court determined the application did not show the need for ex parte relief, and ruled that it would treat Cooley's Application "as a regularly noticed motion and set . . . [a] hearing for November 12, 2021 at 10:30am." (Order at 2, Doc. 83.) In the Motion, Cooley noted that its "withdrawal is necessary because of multiple irreconcilable professional considerations, including that it has become unreasonably difficult for Cooley to carry out its representation of Plaintiffs effectively." (Mem. at 2, Doc. 75-1.) Specifically, Cooley argued that the Court should find that "JSX's conduct has made it impossible for Cooley to continue serving as JSX's counsel." (*See*, *e.g.*, Reply at 2, Doc. 96; *see also* Mem. at 2 (citing California Rule of Professional Conduct Rule 1.16(b)(4), which provides that a lawyer may withdraw if "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively"), Doc. 75-1.)

      Cooley also noted in its Motion that "[b]ecause of attorney-client confidentiality and other ethical obligations, Cooley has not, in this application, provided details regarding the circumstances that necessitate its withdrawal." (Mem. at 2, Doc. 75-1.) Accordingly, the Court ordered Cooley to submit an in-camera declaration as to the referenced professional considerations; in response, Cooley submitted several declarations, along with supporting exhibits. (Order at 2, Doc. 83; In-Camera Declaration of J. Parker Erkmann; O'Connor Amended In-Camera Decl.; Supplemental In-Camera Declaration of J. Parker Erkmann; Supplemental In-Camera Declaration of William V. O'Connor; In-Camera Declaration of William Lopez.) As permitted by the Court, JSX submitted an in-camera response along with several supporting declarations. (Order, Doc. 100; Plaintiff's Delux Public Charter, LLC's In-Camera Response to In-

---

[3] Cooley filed the instant Motion as an Ex Parte Application, but the Court ruled that it would "treat Cooley LLP's Ex Parte Application as a regularly noticed motion and set . . . [a] hearing for November 12, 2021 at 10:30am." (Order at 2, Doc. 83.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:20-cv-02344-JLS-KES                              Date: November 22, 2021
Title: Delux Public Charter, LLC et al v. County of Orange, California et al

Camera Material Submitted by Cooley Law Firm; In-Camera Declaration of Matthew A. Hodel; Wilcox In-Camera Decl.; Moss In-Camera Decl.)  It is based on these declarations and other submissions that the Court has pieced together the above chronology.

## II.     LEGAL STANDARD

Under the Central District of California Local Rules, "[a]n attorney may not withdraw as counsel except by leave of court."  L.R. 83-2.3.2.  A "motion for leave to withdraw must be supported by good cause" and "no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion."  L.R. 83-2.3.2; L.R. 83-2.3.5.

"The decision to grant or deny counsel's motion to withdraw is committed to the sound discretion of the trial court."  *Wimo Labs LLC v. eBay Inc.*, 2016 WL 11507544, at *1 (C.D. Cal. Apr. 12, 2016) (internal quotation marks omitted) (Staton, J.).  "In ruling on a motion to withdraw as counsel, district courts generally consider:  (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."  *Id*. (internal quotation marks omitted).  Rule 1.16 of the California Rules of Professional Conduct provides that a lawyer may withdraw from representing a client if, among other things, "the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal."  *See*, *e.g.*, Cal. R. Prof. Conduct 1.16(b)(10).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-02344-JLS-KES                                                  Date: November 22, 2021
Title: Delux Public Charter, LLC et al v. County of Orange, California et al

### III.   DISCUSSION

After the Court's review of the evidence, including evidence submitted by JSX, the Court finds that the record counsels in favor of Cooley's withdrawal on the basis of an irremediable breakdown in the attorney-client relationship.

To represent a client effectively, counsel must be able to, among other things, "communicate with the client," have the client's trust, and "act in the best interests of the client."  *Lehman Bros. Holdings, Inc. v. PMC Bancorp*, 2017 WL 4071384, at *2 (C.D. Cal. July 26, 2017).  When the attorney-client relationship breaks down, at some point, effective representation becomes impossible.  At oral argument, even JSX acknowledged that there has been such a breakdown, that Cooley can no longer effectively represent JSX, and that the motion should be granted.  However, JSX opposed to make clear that it objects to Cooley's asserted basis for the Motion; namely, that it is the conduct of JSX that has made it impossible for Cooley to continue its representation.

And, indeed, the Court is concerned that Cooley's assertions regarding JSX's conduct—at least as it pertains to Cooley's decision to withdraw—do not withstand scrutiny.  First, Cooley asserts that it was JSX's "unresponsiveness and hostile statements" that necessitated the withdrawal.  (Reply at 5, Doc. 96.)  As to unresponsiveness, however, Cooley had known about the asserted conflict for months before presenting the proposed conflict waiver letter on August 19, 2021.  It is undisputed that both Mr. Moss and Mr. Wilcox were out of the country, and Mr. Wilcox had requested the matter be discussed upon his return on or about September 3, 2021.  And it is undisputed that Cooley refused that courtesy and announced its decision to withdraw on August 30, 2021.  Such a timeline does not reflect undue delay by JSX, or an attempt by Cooley to maintain an attorney-client relationship; it reflects a rush to withdraw.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-02344-JLS-KES　　　　　　　　　　　　　　　Date: November 22, 2021
Title: Delux Public Charter, LLC et al v. County of Orange, California et al

　　　As to withdrawal on the grounds that Mr. Wilcox made hostile statements to a Cooley attorney after learning of Cooley's determination to withdraw, JSX correctly notes, "[t]his is no different than saying, I'm ending our 12-year marriage because of how you reacted when I told you I was filing for divorce." (Opp. at 6, Doc. 90.)[4]  Also, Cooley argued that JSX has "refused to communicate directly with Cooley on substantive discovery issues." (O'Connor Amended In-Camera Decl. ¶¶ 23-24.)  Again, there is no evidence to reflect that JSX refused to communicate on discovery issues before Cooley's motion to withdraw was filed, and therefore that cannot have created any need to withdraw.

　　　Having argued in its papers that that the Court should find that "JSX's conduct has made it impossible for Cooley to continue serving as JSX's counsel" (*See*, *e.g.*, Reply at 2, Doc. 96; Mem. at 2), Cooley asserted at oral argument that causality is irrelevant and the Court should avoid ruling, based on a purportedly incomplete record, that Cooley's actions caused the breakdown.  The Court disagrees.  First, the Court afforded Cooley ample opportunity to submit in-camera evidence "as to the 'multiple professional considerations that necessitate its withdrawal.'" (Order at 2, Doc. 83.)  Second, the Court routinely considers "'the reasons why withdrawal is sought'" in ruling on a motion to withdraw.  *Wimo Labs LLC*, 2016 WL 11507544, at *1.  And pretextual reasons, if combined with other factors resulting in prejudice to a party, can certainly inform the Court's resolution of the matter.

　　　In short, the Court finds that there exists good cause to grant Cooley's Motion because of a complete breakdown in the attorney-client relationship, but specifically finds that, at the time Cooley announced to its client its intent to withdraw, JSX had not engaged in conduct that would have necessitated or justified withdrawal.  *See*, *e.g.*,

---

　　　[4] JSX notes that its "relationship with at least one of the Cooley lawyers who works on this case goes back 12 years." (Opp. at 6, Doc. 90; Declaration of Raymond Moss ¶ 14, Doc. 90.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02344-JLS-KES                                                Date: November 22, 2021
Title:  Delux Public Charter, LLC et al v. County of Orange, California et al

*Lehman Bros. Holdings, Inc.*, 2017 WL 4071384, at *2; Cal. R. Prof. Conduct 1.16(10). In finding good cause, the Court does not decide whether Cooley had a conflict of interest during its representation of JSX.  And, despite JSX's insistence otherwise, it is not incumbent upon the Court to reach this issue in the context of this Motion.

Further, the Court finds that "no litigant will be materially prejudiced by this withdrawal, nor will it cause undue delay or harm." *Wimo Labs LLC*, 2016 WL 11507544, at *2.  No trial date has been set in this case, and the Court stayed all deadlines in this case pending Cooley's Motion. (Order at 2, Doc. 83.)  Moreover, the Court will permit the parties to submit a joint stipulation for an order modifying the case schedule in light of this Court's ruling.  (*Id.* ("After the stay is lifted, the Court will be in a better position to address any requests to further modify the case schedule.").)

## IV.    CONCLUSION

For the above reasons, Cooley's Motion is GRANTED.   JSX has **forty-five (45)** days from the date of this Order to find substitute counsel (and file a Notice of Substitution as to the new counsel).  The stay in this case will be lifted on **January 10, 2022** at which time the parties are ORDERED to file a joint stipulation for an order modifying the case schedule for this Court's approval.

As this Order discusses the contents of documents not publicly available, including those containing attorney-client communications, it shall be filed provisionally under seal and emailed by the clerk only to counsel for Cooley and JSX.  However, the Court notes that both Cooley and JSX repeated much of the substance of the submissions in open court at the hearing, and it is not clear there remains any intent to maintain the privilege as to the specific communications referenced in this Order.  Accordingly, any request to redact any portion of this Order before it is publicly filed shall be filed with the Court within **ten (10)** days of this Order's issuance.  Any such request shall include a

REDACTED ORDER

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-02344-JLS-KES					Date: November 22, 2021
Title:  Delux Public Charter, LLC et al v. County of Orange, California et al

declaration explaining the reasons for the request.  If no request is made in that time period, the Clerk will file this Order on the public docket.

IT IS SO ORDERED.

					Initials of Deputy Clerk: mku